## J. C. DAMRON v. THE STATE.

### No. 420. Decided February 9, 1910.

**Theft—Evidence—Flight—Other Offenses.**
Upon trial for theft, it was reversible error to permit the State to introduce testimony that the defendant sought to escape arrest for other crimes than the one for which he was being tried.

Appeal from the County Court of Bosque. Tried below before the Hon. P. S. Hale.

Appeal from a conviction of theft; penalty, sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information filed in the County Court of Bosque County, on July 12, 1909, with theft of property under the value of $50. On a trial had in said court on the 17th day of August thereafter he was convicted and his punishment assessed at confinement in the county jail for a period of sixty days.

1. Among other matters urged as grounds for reversal is the fact that while appellant was on the witness stand he was interrogated by counsel for the State as to other charges of theft and his flight. This was objected to because, the bill states, that at the time of his supposed flight he was under bond to appear at this term of the County Court to answer in this case, and because one Lon Howard, an enemy of his, was making all kind and character of complaints against him and causing him to be arrested and that he was a poor man and unable to make bonds, and the court overruled said objection and appellant was forced to testify concerning said flight and other crimes charged against him. Assuming, as the record indicates, that the other charges were such as involved moral turpitude they were admissible as affecting his credibility. If, however, as the bill states, appellant had not sought to escape arrest for the crime here involved, we can see no good or useful purpose to be served by showing that in respect to other crimes he sought to escape arrest. Evidence of flight is admissible where one is charged with an offense, on the ground in substance, that it is some evidence of guilt and amounts in effect to a quasi admission of guilt of the offense charged. If, however, the flight is in respect to another and different offense it ought not to be considered as evidence of the guilt of an offense in which there was no flight. Ordinarily, we perhaps would not reverse a case for the admission of evidence such as this, but in this case we should in any event long hesitate to affirm

the judgment on the facts in evidence. As the case may be tried again we perhaps ought not to say more.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Davidson, Presiding Judge, absent.