ED ROBERTS v. THE STATE.

No. 4837.   Decided March 6, 1918.

**1.—Perjury—Recognizance—Practice on Appeal—Right of Appeal.**

Where, after conviction of perjury, it appeared from the record on appeal that defendant entered into a recognizance in open court, and it was due to the neglect of one of the officers to carry this into the minutes, he will not be deprived of his appeal, but the case will be postponed that he may either have the recognizance entered upon the minutes, or a sufficient recognizance be fixed by the judge.

**2.—Same—Bills of Exception—Filing Back—Practice in District Court.**

Where it appeared from the record on appeal that the bills of exception to the refusal of the court to give requested charges were presented to the trial judge at the time of the trial within the terms of the law and refused, it would not be filing these papers back to place the file mark of the clerk on them as of the date they were refused, as they then became papers of the case. Besides, if there was any contest, the real condition of things should be made to appear by proper order of the court.

**3.—Same—Postponement—Practice on Appeal—Recognizance.**

Where the hearing of the appeal was postponed until a recognizance could be properly made in the trial court, and this matter has been properly attended to, the appeal will be disposed of on its merits.

**4.—Same—Special Term of Court.**

Where the matter of the special term of court was in accordance with precedents in this State, there was no error.

**5.—Same—Indictment—Name of Defendant—Pleading—Practice.**

Defendant had a right to plead under whatever name he saw proper, and to have the indictment changed to conform to the name he gave, and where the erasure of such name under which he was indicted did not fully obliterate it, the defendant had the right to have this done when he was called upon to plead to the indictment, and the erased name should not have been mentioned in the court's charge.

**6.—Same—Evidence—Other Transactions—Prior Difficulty.**

Where, upon trial of perjury, the same was substantially based on testimony given by defendant in a habeas corpus hearing in a certain homicide case, as to the position of the defendant in the case when he fired the first shot in that difficulty, the State should not have been permitted to introduce testimony with reference to a prior difficulty between said defendant in said murder case and the deceased and his son, as the defendant was not present at the first transaction, and was not charged with notice or knowledge of those matters, and had not testified to the same, and the matter should have been limited to the time of the homicide when defendant was present and testified as alleged in the indictment.

**7.—Same—Evidence—Declarations of Defendant—Arrest.**

Upon trial of perjury growing out of a certain habeas corpus proceeding in a murder trial against another, at which the defendant was alleged to have been present and testified, and upon which testimony the perjury was based, the State should not have been permitted to introduce declarations of defendant denying any knowledge of said homicide or his presence at the time and place, while he was under arrest for said homicide and was not warned; although, he stated later that he was present, and so testified in said murder case, but his declaration could not be used in the trial for perjury. Following Murff v. State, 72 Texas Crim. Rep., 5, and other cases.

**8.—Same—Evidence—Contradictory Statements—Arrest—Warning.**

Upon trial of perjury certain declarations of defendant with reference to a homicide for which he was arrested and which he denied, etc., to the officers who arrested him, should not have been admitted in evidence, but having been introduced, a contradictory statement of defendant made afterwards should have gone to the jury. But upon another trial all these statements will be excluded, even if the defendant was under arrest only under suspicion and not on a complaint or indictment charged, his declarations then, without warning, were inadmissible.

**9.—Same—Evidence—Flight—Evading Process.**

Where defendant had testified in a habeas corpus trial upon which the perjury was based, and the defendant in said habeas corpus trial was subsequently indicted and sought the attendance of this defendant as a witness, no testimony with reference to this defendant's evasion of the process of the court in the homicide trial was admissible against him in the instant case of perjury.

**10.—Same—Evidence—Impeaching Witness—Cross-examination.**

Upon trial of perjury, when important witnesses were introduced for the State, the defendant upon cross-examination of said witnesses should have been permitted to show the business in which they were engaged, or the calling or occupation pursued, and to show that one of them was in the employ of a person keeping a disorderly house.

**11.—Same—Charge of Court—Words and Phrases.**

While it may not have been reversible error, for a failure of the court to define in his charge what is meant by the words "wilfully" and "deliberately" in connection with the offense of perjury, nevertheless, he should have submitted a requested charge defining these words.

**12.—Same—Evidence—Charge of Court—Rule Stated—Limiting Testimony.**

Where the perjury grew out of a habeas corpus proceeding and the State introduced some of the proceedings of said habeas corpus trial, the effect of this testimony should have been limited to the purpose for which it was introduced, inasmuch as the result of said trial was adverse to the party thereto. It would have been otherwise if the result of said trial had been favorable to the side on which the witness testified.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Wilkens,* for appellant.

*E. B. Hendricks,* Assistant Attorney General; *D. A. McAskill,* District Attorney, for the State.—On question of defect of recognizance: Maxey v. State, 41 Texas Crim. Rep., 556; Quarles v. State, 37 id., 362; Thompson v. State, 35 id., 505; Brinson v. State, 68 Texas Crim. Rep., 49, 150 S. W. Rep., 776; Johnson v. State, 65 Texas Crim Rep., 416, 143 S. W. Rep., 1165; Knowlton v. State, 75 Texas Crim. Rep., 8, 169 S. W. Rep., 674.

On question of requested instructions: Burrus v. State, 76 Texas Crim. Rep., 120, 172 S. W. Rep., 981; Watts v. State, 75 Texas Crim. Rep., 330, 171 S. W. Rep., 202; James v. State, 74 Texas Crim. Rep., 139, 167 S. W. Rep., 727; Crossett v. State, 74 Texas Crim. Rep., 440, 168 S. W. Rep., 548; Galan v. State, 76 Texas Crim. Rep., 619, 177 S. W. Rep., 124.

On question of filing bills of exceptions: Brice v. State, 72 Texas Crim. Rep., 219; Kemper v. State, 57 id., 355; Shrewder v. State, 62 id., 403.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury and allotted two years confinement in the penitentiary.

Motion is made by the Assistant Attorney General that the appeal be dismissed because appellant's recognizance was not entered properly upon the minutes of the trial court. The matter is in confusion as to whether it was or was not so entered The transcript contains a recognizance. The State attacks the verity of this and says as a matter of fact it was not so entered. The judge certifies, as does the clerk, in addition to the record, that defendant and his sureties came into open court and were duly recognized in the amount fixed by the district judge. The only question presented from this phase of the motion is

that this recognizance was not carried forward into the regular min-
utes of the term. The clerk certifies to his "rough minutes" and at-
taches it as an exhibit to the motion to dismiss showing that the recog-
nizance was properly taken, but does not set out the recognizance in
full. The motion to dismiss will not be sustained, but the case will
be continued by this court to give opportunity to the trial court to
have the recognizance properly entered. When this is done, the clerk
will forward a certified copy to this court showing the fact of the entry.
The defendant did what he could to have a recognizance; entered into
it, as the judge certifies, in open court. This clearly entitled him to
have his case considered on appeal, and the neglect of one of the officers
to carry this into the minutes will not deprive him of his appeal, but
the case will be continued that he may either have the recognizance
entered upon the minutes, or a sufficient recognizance to be fixed by
the judge. The clerk of this court will issue proper notice to the court
below to have recognizance properly entered upon the minutes of the
court at that court's early convenience.

There is also a motion to "strike out" some exceptions of appellant
to give certain requested instructions, on the ground that the clerk
certifies they were filed back by order of the court. Just what he means
by this is not explained. The trial was had on August 3rd. When
these charges were presented and exceptions taken to their refusal it
was on the 3rd of August. Twenty-eight days later, the motion for
new trial was overruled. The clerk certifies these matters were ordered
filed back. If it is meant by this that the papers were presented to
the judge at the time of the trial within the terms of the law and re-
fused, as they show upon their face to have been, and the clerk neg-
lected to put his file mark upon them at that time, it would not be
filing these papers back to place the file mark on them as of August 3rd.
They were in fact presented to the court and became papers of the case
at the time, and were deposited with the papers and the clerk. That
was a sufficient filing, and the order of the judge instructing the clerk
to place his file mark as of that date would not be a filing back. This
would be but supplying an omission of the clerk and not filing back.
If there is any contest insisted upon about this matter, the real con-
dition of things should be made to appear by proper order of the court.
Contests over matters of this sort by motions and affidavits and state-
ments are not to be encouraged. If as a matter of fact the papers were
not presented to the court at that time the court's certificate can show
that fact. We understand it to be the rule that where papers are in
the record and were not presented to the clerk for filing within proper
time, but after the time has elapsed in which they should be filed,
that fact can be shown. Where requested instructions refused by the
court are shown to have been endorsed by him as refused on August 3rd,
at the time of the trial, this court would take that as correct. The
mere fact of the clerk failing to put his file mark on it at that time
would not affect the legality of the filing of the exceptions. This mo-
tion as presented to strike out these papers will not be granted. The
clerk of this court will issue the proper order of this court to the trial

court to enter upon the minutes of the trial court the recognizance as entered into and to at once forward a certified copy of said recognizance.

*Continued to complete record.*

DAVIDSON, PRESIDING JUDGE.—On a former day of the term there was an order entered of record postponing the trial of this case until a recognizance could be had properly in the trial court for the reasons stated in the opinion awarding the postponement. This matter has been properly attended to in the trial court, and a proper recognizance is now before the court, which attaches the jurisdiction of this court, and the case will be disposed of on the record.

Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

The allegation upon which the perjury is based, in substance, is that appellant swore on a habeas corpus hearing in a homicide case in which Way is charged with killing Louis Moglia, Sr., that before Way fired the first shot in that difficulty that young Moglia had started towards the north end of the counter where there was located his pistol. Way shot and killed the elder Moglia, the father of the young man. The indictment alleged in ordinary terms that this was material, and was wilfully done, etc.

We deem it unnecessary to discuss the question of the irregularity of the special term of the court. This matter seems to have been in compliance with the decisions.

At the request of appellant the court ordered the indictment so changed as to omit the expression "alias High Pockets." Appellant was indicted as Ed Roberts, alias High Pockets. A pencil or pen was used in erasing the expression "alias High Pockets" in the indictment, but it did not fully obliterate it, and a question is raised upon this. Appellant had a right to have this done when he was called upon to answer to the reading of the indictment. He had a right to plead under whatever name he saw proper, and to have the indictment changed to conform to the name he gave. Upon another trial this matter should not arise, and the obliteration of it will be sufficient to erase it entirely. This might not amount to much in the case, but defendant had a right to have it done, and the matter is mentioned more specifically because in the charge of the court, in mentioning the case, he stated to the jury that the party was Ed Roberts, alias High Pockets. After it had been erased from the indictment this should not have occurred in the charge. This will not occur upon another trial.

In order to review some of the bills of exception a brief statement of the trouble between Way and Moglia, in which the elder Moglia lost his life, will be necessary, as the prosecution for perjury grew out of that transaction, or rather the testimony on writ of habeas corpus of Way for bail. Way had gone into a saloon owned by Moglia and had taken a drink. After so doing he sat in a chair and went to sleep. After waking he missed a piece of jewelry and called Moglia's attention to the fact, and demanded its return. This brought on a difficulty in which hard words ensued, and the elder Moglia became very much

offended at his son being charged with theft. This charge by Way seemed to have been directed against young Moglia, and the father, who later became the deceased, interfered and expressed great indignation that his son should be charged with such theft. Two or three hours subsequent to this Way appeared in the saloon and the difficulty occurred in which the elder Moglia was killed. The contention of Way on the writ of habeas corpus, and the truthfulness of which had to be over-come in order to make appellant guilty of perjury, was that young Moglia started towards the north end of the counter to get his pistol and Way began shooting. Appellant swore upon the habeas corpus trial that young Moglia did start in that direction and that a pistol was kept at that point. On appellant's trial the State introduced evidence of the first trouble between Way and the Moglias with reference to the jewelry that was taken. The details of this trouble were introduced against appellant on his trial. Exception was reserved. We are of opinion the exception was well taken. Appellant was not present at the first trans-action and was not charged with notice or knowledge of those matters. He claims to have been present at the second transaction, and testified to what he saw. Matters that occurred at the time of the homicide when appellant said he was present would be evidence because they were within his knowledge and observation.

Appellant was arrested almost immediately after the killing, or with-in a very short time, and carried by the police officer to their head-quarters. While under arrest he was asked with reference to the shoot-ing and denied any knowledge of it or his presence at the time and place. The details of these bills of exception, there being several of them, are not necessary to state. The court admitted the testimony upon the theory that he was not charged with the homicide and it was not a confession, and that this perjury was an independent offense, and, therefore, these statements could be used against him, although under arrest, without warning, or being in writing. Subsequently, on the habeas corpus trial appellant did state he was present and saw young Moglia start in the direction of his pistol. The denial was used as evi-dence of his guilt in this case. It was a criminating fact as thought by the State. We are of opinion that this testimony was not admis-sible, and the fact that it was not a confession with reference to the homicide or that he was not telling the truth about this matter in the homicide case, would not authorize the State to use that statement as an incriminating fact to convict for the perjury. See Branch's Crim. Law, sec. 208, also 218; Davis v. State, 19 Texas Crim. App., 201; Taylor v. State, 3 Texas Crim. App., 387; Murff v. State, 76 Texas Crim. Rep., 5; O'Connell v. State, 10 Texas Crim. App., 567; Robinson v. State, 55 Texas Crim. Rep., 811. There are several bills of exception with reference to this matter, and this denial seems to have been made, as shown by one or more of the bills, especially bill 13, because he had been arrested for the homicide or as having a guilty participancy in the homicide with Way. It is evident from these bills that appellant was arrested in connection with the homicide and sharply questioned by the officers, and these statements were denials of his presence at the

time and place of the killing and participancy in the homicide of Moglia by Way. In this connection he further made a statement, though it was just subsequent to the other statement, to Hansen that he was present at the time and saw the transaction. The purport of this denial and statement to Hansen was a contradiction of the statement to the officers which it seems Hansen had heard made by appellant to the officers. Having introduced the statement of the officers, this statement of appellant should have gone to the jury. It is unnecessary to discuss this matter further. Upon another trial these statements will be excluded. It was not necessary that a complaint or indictment be filed to constitute basis of arrest. It is sufficient if he be under arrest even on suspicion. Detention, legal or illegal, would be sufficient to exclude such confession or statement.

There are several bills of exception which it is not necessary, we think, to notice in detail as all bear upon the same matter. Process had been issued for appellant to testify in the trial of Way. Failing to appear, application for a continuance was made by Way for his presence; also at one time appellant was brought under arrest or attachment by an officer in the Way case. These matters are set out in several bills of exception and at length, but the above is practically the substance of the contention. This testimony was not admissible. The court seems to have admitted this testimony upon the theory that appellant was a fugitive, and that if he did evade process of the court in the Way case, such flight could be used as evidence of his guilt in this case. None of this testimony was admissible in his trial for perjury. Appellant had testified in the habeas corpus trial as charged in the indictment upon which the perjury was predicated. Way was subsequently indicted and sought the attendance of the appellant as a witness in his behalf. If appellant had fled to avoid this indictment and trial, the question of flight might have been used, but not his evasion of process in the Way trial for murder. This is a condensed statement of these matters, and it was erroneous. None of these matters will be permitted to go before the jury upon another trial. None of the evidence with reference to appellant's evasion of the process of the court in the Way trial was legitimate evidence against him in this case as presented by this record.

There was a witness introduced by the State thought to be important. On the cross-examination of this witness appellant offered to prove that he was in the employ of the Zimmerman disorderly house, and that it was a well known disreputable assignation and bawdy house, and that this witness frequented and was employed in that place. We are of opinion the defendant could ask and obtain from the witness the business in which he was engaged or calling or occupation pursued.

Appellant excepted to the court's charge for several reasons and asked special instructions which were refused. The court did not define what is meant by the words "wilfully" and "deliberately" in connection with perjury. We are of opinion that the court should have given the special charge defining these words. We would not feel inclined to reverse for failure to do so usually, yet the statute uses those terms, and it is well

enough and in fact we think the court should define them to the jury, especially when requested so to do.

The State introduced some of the proceedings in the habeas corpus trial of Way upon which this perjury is alleged to have been committed. This was admissible for reasons well known to the profession and understood in our jurisprudence, but appellant requested the court to limit the effect of this testimony, which was declined and refused. Wherever the result of the trial is adverse to the party on trial and the perjury is alleged as growing out of that trial, it is necessary under the decisions to limit its effect to the purpose for which it was introduced. There is another line of decisions which hold that where the result of that trial was favorable to the side on which the witness testified, and upon which the perjury is based, it would not be necessary to so charge because the verdict or judgment was favorable to the side for which he testified. The bill is a little indefinite, but these two lines of decisions are well recognized, and if there is a doubt about that matter upon another trial the court should limit this testimony to the purpose for which it was introduced.

There are a great many bills of exception in the record, and the questions are elaborately presented, but in disposing of the case we have grouped them rather than follow the bills of exception seriatim. We deem it unnecessary to go into a discussion of each bill. There are a series of them presenting the same question from different views, therefore we have confined ourselves to grouping the questions rather than following them seriatim.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*