**Emmitt Ray ARCHIE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15927.**

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

C. Chad Bledsoe, Lawton, for plaintiff in error.

Larry Derryberry, Atty. Gen., Michael D. Tinney, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Emmitt Ray Archie, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Comanche County of the offense for Possession of a Concealed Weapon, After Former Conviction of a Felony. Punishment was fixed at three years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that in the early morning hours of July 2, 1969, Officers Mizel, Rutledge and Lindgren of the Lawton, Oklahoma Police Department were searching particularly for the defendant. While patroling in the 2300 block of south Eleventh Street in Lawton, Oklahoma, they observed the defendant walking across a parking lot. They parked the patrol car and proceeded on foot, maneuvering themselves in order to surround the defendant. They approached the defendant and identified themselves, wherein defendant put his right hand to his back, and they heard something hit the ground. Officer Mizel testified that he observed the gun as it hit the ground, and a loaded .22 caliber pistol was found at the defendant's feet.

Jailor Hugh Townsend testified over defendant's objection that on September 5, 1969, the defendant escaped from the Comanche County Jail, and was not apprehended until approximately two months later.

For the defendant, Bearl Dixon testified that he was the jailor on the evening of July 2, 1969, and that the defendant was booked into jail for investigation of the offense of Armed Robbery.

Ronnie Simmons testified that he was currently in the Comanche County Jail, charged with Grand Larceny, and that he was in the vicinity of the scene where defendant was arrested on July 2, 1969, and that he observed the officers search the defendant. He testified that the officers took some type object, which was not a pistol, from the defendant's rear pocket. The object resembled an Afro-comb, which most persons with the type haircut worn by the defendant carry.

The sole proposition asserts that the trial court erred in permitting testimony concerning the defendant's escape from jail and flight. Defendant argues that since he was being held under three separate Felony charges, the evidence regarding the escape, implying "guilty mind," is not sufficiently definitive to specify which charge the defendant sought to avoid.

In the early case of Jackson v. State, 12 Okl.Cr. 406, 157 P. 945, the Court stated in the Syllabus:

"Evidence that the defendant escaped from custody and became a fugitive from justice is admissible as tending to show guilt, but the defendant may offer proof to show his reason or motive for such escape and flight."

In the instant case, defendant had adequate opportunity to introduce evidence to explain his reason for escape. He chose not to do so. Therefore, this Court will not form conjectures as to defendant's motive for escape. We find this proposition to be without merit.

**624**

In conclusion, we observe that the Record is free of any error which would justify modification, or require reversal. The judgment and sentence is accordingly affirmed.

BRETT and NIX, JJ., concur.