Teofilo Salcido GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 45878.

Court of Criminal Appeals of Texas.

March 21, 1973.

———◆———

Charles R. Kaufman, Austin, for appellant.

Wayne Burns, Dist. Atty., Big Spring, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury on a plea of not guilty, appellant was convicted of robbery by firearms, and his punishment was assessed at fifteen (15) years. This appeal is from such conviction.

 In his first, second, and third grounds of error, the appellant states that the court erred in permitting certain "hearsay testimony of the Officer Baciel Lambert" as to why he stopped and detained appellant on the occasion in question, the same being "irrelevant, immaterial, and prejudicial to the defendant."

On the State's direct examination of its witness Baciel Lambert, it was shown that

as the witness, a Deputy Sheriff, was seated in his car on the roadside about to get out of his car, the appellant, who was standing by the car, suddenly let out "a cuss word," exhibited a pistol, and reached over and took witness' pistol and car keys. Appellant pointed his pistol at Lambert, placing him in fear of life and bodily harm. He made Lambert get out of the car, and tried to disconnect his radio microphone. Appellant then left the scene in his own car. No further evidence of the robbery was offered by the State at this time, and appellant did not then question Lambert.

The State next placed the Sheriff on the stand, proved venue, and introduced evidence of an escape from jail by appellant. The State rested at this point.

Appellant recalled Lambert and proceeded to elicit testimony that just prior to the events he had testified about, he had been chasing appellant's car for several miles. After Lambert succeeded in stopping him, appellant got out of his car and came back to the car of witness. Lambert asked for his driver's license, and then asked if he minded Lambert looking in his car. Appellant consented, and Lambert, finding nothing of interest, asked appellant if he would open the trunk. Appellant refused to do so unless Lambert produced a search warrant. It was while Lambert was radioing to the Sheriff for a search warrant that the robbery took place. Appellant's attorney further questioned the witness in such fashion as to indicate an effort to raise an issue of the propriety and legality of the arrest.

All of this occurred in the presence of the jury.

The State, on redirect, proposed to have the witness testify as to his reasons for his chasing and stopping the car. Objections of hearsay were sustained as to State's evidence of a radio report received by Lambert of a car with a certain license and of a certain make being involved in a house burglary. We copy as follows the testimony permitted by the court to go to the jury:

"THE COURT: Just try to stay out of hearsay, that's what somebody told him, as much as possible.

"Q All right, sir. Mr. Lambert, so that you understand what the court's ruling is, you should try to refrain from stating what someone told you or secondhand information. And I will try to refrain from asking you questions of that nature. But I will ask you this just as a direct question. Regardless of the source of it or what-have-you, for what reason were you personally stopping the defendant on this occasion?

"A Because I had that license number.

"Q All right. And did you have reason to suspect him of the offense of burglary?

"A After I saw the license number on the car.

"Q I see. All right.

"MR. COFFEE: To which, Your Honor, we object as an attempt to prove an extraneous offense from the one being on trial.

"THE COURT: Overrule the objection."

In view of the testimony elicited from the witness by appellant, we see no error in the action of the court in overruling the objection made by appellant.

Appellant's first three grounds of error are without merit, and are overruled.

Appellant next complains of the court permitting the Sheriff to testify that, while being held in jail after indictment and before trial, appellant broke out of jail. The evidence of this escape was admissible on the issue of guilt. Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340;

Hutchins v. State, 172 Tex.Cr.R. 525, 360 S.W.2d 534; Hawkins v. State, Tex.Cr. App., 424 S.W.2d 907.

The judgment is affirmed.

Opinion approved by the Court.