**Freddie J. HODGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46757 and 46758.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

On Rehearing Feb. 27, 1974.

Rehearing Denied April 3, 1974.

Robert M. Jones, Dallas (Court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John E. Rapier, William L. Hubbard, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The appellant was convicted on two charges of robbery and was sentenced to sixty-five years' imprisonment in each case.

Appellant raises a single ground of error in this appeal. In this ground of error, he urges that the court erroneously admitted evidence that he had escaped from custody.

The appellant was arrested on August 22, 1969, for the robberies involved in these cases. Indictments were returned on September 22, of the same year; however, the record reflects that on October 14, 1969, appellant was transferred from the custody of the Dallas police to the custody of police officers from Garland, Texas, for an investigation arising from an unrelated offense. While in the custody of the Garland police, appellant escaped.

At his trial for the offenses involved here, the evidence of appellant's escape from the Garland police was admitted to prove guilt. This was error.

Ordinarily, evidence of flight or escape from custody is admissible on the issue of guilt. See Gonzales v. State, 492 S.W.2d 263 (Tex.Cr.App.1973).

However, this is not an ordinary situation, and has rarely arisen in this State.

When it has, this Court has uniformly rejected such evidence on the ground that, absent some connecting circumstances, the evidence is not relevant. In Hicks v. State, 82 Tex.Cr.R. 254, 199 S.W. 487 (1917) this Court observed:

> " . . . The relevancy of such evidence [flight, concealment, escape and evasion of arrest] depends upon its relation to the particular offense or offenses involved in the trial, and it is not admissible to prove flight or escape as a circumstance reflecting upon the accused when it relates to an entirely different and disconnected charge or offense."

The Court then held that in order for such evidence to be admissible it must be so closely connected with the offense on trial that it would be a relevant circumstance bearing upon the issue of guilt. As an example, the Court cited Buchanan v. State, 41 Tex.Cr.R. 127, 52 S.W. 769 (1899). In that case, a complaint charging incest was lodged against the accused, and in response to efforts to arrest him he took flight. He was subsequently recaptured and indicted for rape. At trial on the indictment, the evidence of his flight was admitted and his conviction was affirmed on appeal. However, the indictment was based on the same facts as those out of which the incest complaint arose.

In the instant case, it is admitted that the escape occurred while appellant was being held by officers of another city for investigation of an unrelated offense. Further, no evidence was introduced which would, in any way, connect appellant's escape from the Garland police with the offense on trial. In the absence of this connecting evidence, no inference of guilt may be drawn from the escape since it may have been motivated by a sense of guilt arising from the other, unrelated offense. This Court has been unwilling to engage in such speculation. See Damron v. State, 58 Tex.Cr.R. 255, 125 S.W. 396 (1910); Torrence v. State, 85 Tex.Cr.R. 310, 212 S.W.

957 (1919); and Roberts v. State, 83 Tex. Cr.R. 139, 201 S.W. 998 (1918).

We now hold, in accordance with our earlier rulings, that in order for evidence of escape to be admissible in this situation the State must present evidence so connecting the escape with the offense on trial that it is reasonable to infer that the escape was motivated by that offense rather than some other, unrelated offense.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge (dissenting).

Where one has been charged with the commission of an offense, testimony of an escape has always been admissible as evidence of guilt. Likewise, evidence of flight is admissible to show guilt even though no charges have been filed.

Under the present ruling of the majority, one who has committed a crime may profit by his own wrong by committing other crimes, because then the State cannot introduce evidence of escape or flight.

The judgment should be affirmed.

MORRISON, Judge (dissenting).

*From now on when a prisoner who is charged with more than one offense escapes, the State must be able to prove from which offense he is fleeing. Such a rule does not comport with logic or reason.*

*I vigorously dissent.*

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

The State urges a careful reconsideration of the question presented by this appeal, particularly in light of the fact situation before us.

Upon an examination of the record in light of the State's motion for rehearing,

I find that I can no longer agree with the majority, holding that the escape in the instant case was not admissible.

The undisputed facts in the case show that appellant was indicted on September 22, 1969, and that he escaped from custody on October 14, 1969. The record does not reflect that he was charged with commission of another offense but only that he was in the custody of Garland police officers for investigation of an unrelated matter. The appellant urges that the escape from the Garland police officers while they were investigating "a matter totally unrelated to the offenses in question. . . . which bore no relation or relevancy to the offenses on trial" was not properly admissible in this case. However, the record shows that the appellant at the time of his escape was under arrest and in custody only for the instant offenses. There is no indication that he had made bond or that he had been released from custody.

Evidence of escape from custody and flight is generally held to be admissible on the issue of guilt. E. g., Gonzales v. State, Tex.Cr.App., 492 S.W.2d 263; Jackson v. State, Tex.Cr.App., 454 S.W.2d 733; Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340, cert. denied 361 U.S. 920, 80 S.Ct. 266, 4 L.Ed.2d 188. Such evidence is admissible even though a defendant may be charged at the time with a number of offenses which are not related. See People v. Curtis, 7 Ill.App.3d 520, 288 N.E.2d 35 (Ill.App.1972); Archie v. State, 488 P.2d 622 (Okl.Cr.1971).

▐ We hold that to support admission of evidence of escape from custody and flight it must appear that the escape and flight has some legal relevance to the offense under prosecution. Hicks v. State, 82 Tex.Cr.R. 254, 199 S.W. 487. In order to have such evidence excluded, the burden

then shifts to the defendant to show affirmatively that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial.[1] Escape and flight being evidence of a circumstantial nature, its admissibility is not conditioned on a showing that guilt is the only reasonable conclusion. Cf. 23 Tex.Jur.2d, Evidence, Sec. 143. If the defendant offers evidence that the escape and flight may have sprung from some other cause, but its connection to the offense on trial remains a logical one, the evidence would still be admissible, the defensive evidence going only to the weight of evidence. Cf. People v. Yazum, 13 N.Y.2d 302 246 N.Y.S.2d 626, 196 N.E.2d 263 (1963).

▐ So, in this case the evidence of appellant's escape and flight after he was arrested and placed in custody for the offenses for which he was on trial was admissible, even though his subsequent escape was from the custody of officers of another jurisdiction who were investigating a matter other than that for which appellant was on trial. Cf. Crenshaw v. State, Tex. Cr.App., 389 S.W.2d 676.

This case is distinguishable from Damron v. State, 58 Tex.Cr.R. 255, 125 S.W. 396; Torrence v State, 85 Tex.Cr.R. 310, 212 S.W. 957; and Roberts v. State, 83 Tex.Cr.R. 139, 201 S.W. 998, all cited and relied upon in the original opinion.

In Damron v. State, supra, the defendant was charged with misdemeanor theft. At his trial when he testified as a witness in his own behalf he was forced to testify concerning other charges and flight from prosecution. Objection was made to this because " . . . the bill states that at the time of his supposed flight he was under bond to appear at this term of county court and enter in this case. . . . "

---

1. In Damron v. State, 58 Tex.Cr.R. 255, 125 S.W. 396, the defendant by bill of exception showed he had not sought to escape arrest for the crime charged, but sought to escape arrest in relation to other crimes. If the escape be in relation to more than one offense it is obviously admissible to all rather than none. The State need not negative a relation to other offenses.

The bill further showed that ". . . one Lon Howard, an enemy of his, was making all kind and character of complaints against him in causing him to be arrested, and that he was a poor man unable to make bond . . ." The opinion further states:

> "If, however, as the bill states, appellant had not sought to escape arrest for the crime here involved, we can see no good or useful purpose to be served by showing that in respect to other crimes he sought to escape arrest. . . ." 125 S.W. at page 396.

It appears from the opinion that Damron was not fleeing from prosecution for the offense upon which he was being tried, but from other charges. At the time of his flight, Damron was free on bond in the case for which he was being tried and it was shown that there were other charges pending against him. In the case at bar the record does not show that the appellant was on bond when he escaped and fled, and it does not show that there were other charges pending against him; rather, the record shows he was in custody, and for no other offenses than the ones charged.

In Torrence v. State, supra, the defendant was charged in the county court for theft of an automobile. He was arrested, placed in jail and later escaped and fled. An indictment was then returned and Torrence was tried for the theft of the automobile as a felony offense in district court. This Court on appeal held that the evidence of escape and flight was admissible. The Court then stated as dictum:

> "Had he been arrested and placed in jail in that county for some other offense not connected with this transaction, his position would have been maintainable and should have been sustained." 212 S.W. at page 959.

The appellant in the instant case escaped while in custody in connection with the same offenses and the same indictments for which he was on trial; the record, as noted above, does not show that he was in custody or under indictment for any other offense.

In Roberts v. State, supra, evidence of a failure to appear and efforts to avoid process by the defendant as a witness in another man's habeas corpus case was admitted as evidence of flight on the defendant's trial for perjury. Roberts did not fail to appear for his perjury trial and did not jump bond and this Court reversed his conviction because the failure to appear at the other man's trial was not connected with Roberts' perjury trial.

■ The appellant also argues that evidence of his transfer to the Garland police constituted evidence of an extraneous offense. There was no testimony before the jury concerning the reason for the transfer. The evidence of a transfer of appellant to the custody of the Garland police is not evidence of an extraneous offense. Moreover, evidence of escape and flight is admissible even though such evidence may show the commission of another offense. Jackson v. State, supra; Thames v. State, Tex.Cr.App., 452 S.W.2d 495.

The State's motion for rehearing is granted, the judgments of reversal are set aside, and the judgments are affirmed.

ROBERTS, Judge (dissenting).

I dissent. The majority, in setting aside this Court's original opinion on this appeal, have announced a holding that is not only contrary to the prior rulings of this Court, but is an offense against reason as well.

Since the majority appear to advance two theories for affirmance, without expressly relying upon one or the other, I will discuss them both.

The majority first state that the record in this case reveals that appellant was in custody only for the instant offenses. This is not correct. The record reveals that appellant was under arrest in Dallas for the instant offenses. *But,* it also re-

veals that he was transferred to the custody of Garland police officers for investigation of another offense. Unless the majority have hereby announced a criminal law doctrine of "relation-back" or of "constructive custody", I cannot comprehend how they can seriously assert that appellant was still in the custody of Dallas police, at the same time he was in the custody of Garland police. Perhaps, by the magic of twisted reasoning, he was in two places at once?

This simple fact—that custody of appellant had been transferred to the Garland police—seems to have escaped the majority in this case. For that reason, their attempts to distinguish away the ruling cases of this State must fail.

The majority argue that in this case, unlike Damron v. State, 58 Tex.Cr.R. 255, 125 S.W. 396 (1910) and Torrence v. State, 85 Tex.Cr.R. 310, 212 S.W. 957 (1919), the appellant was not on bond, was formally charged with only the instant offenses, and was in custody only for the instant offenses. Of course, the presence or absence of bond is irrelevant, since we hold that forfeiture of bond may be used to show flight. See Guajardo v. State, 378 S.W.2d 853 (Tex.Cr.App.1964). The presence or absence of formal charges on the offense in Garland means nothing, since we hold that flight need not be motivated by a formal charge. See Hicks v. State, 82 Tex.Cr.R. 254, 199 S.W. 487 (1917) and Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82 (1953). As noted, the theory that there was but a single custody here is simply not shown by the record.

It is, however, the second theory of the majority which is the most important and the most dangerous. The majority recognize Hicks v. State, supra, as the ruling

case in this area. The holding of the Hicks case, supra, is merely that evidence of flight must be relevant in order to be admissible. This is a simple and sensible rule which anyone, let alone the members of this Court, should be able to understand. *But,* the majority now hold that such evidence will be *presumed* to be relevant and that " . . . *the burden then shifts to the defendant to show affirmatively* that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial." (Emphasis added)

I will not spend a great deal of time explaining the fact that Damron v. State, supra, cited as authority for this amazing proposition, contains nothing which a person reasonably familiar with the English language would conceive as advancing such an assertion. Unless it is the position of the majority that it is now an affirmative defense to challenge the relevancy of offered evidence, they cannot thus shift the burden from the offering party, the State, to the accused.[1] It was my impression that under the law of this State as announced in Hicks v. State, supra, the prosecution must show that its evidence of flight was reasonably connected to the offense on trial. Obviously, this is no longer true.

Hereafter, we need no longer concern ourselves with the relevancy of extraneous offenses introduced at trial, since after today the burden shifts to the accused to show affirmatively their irrelevance. The potential application of this concept is unlimited and will no doubt considerably ease the burden which we have heretofore placed upon the State in a criminal prosetion.

ONION, P. J., joins in this dissent.

---

[1]. I note that the majority has not set out the degree to which such irrelevancy must be shown. Does the accused have the burden of proof beyond reasonable doubt, or merely proof by preponderance? No doubt, this will be explained in later cases.