ACCEPTED
02-17-00338-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
5/24/2018 1:29 PM
DEBRA SPISAK
CLERK

IN THE COURT OF APPEALS FOR THE
SECOND DISTRICT OF TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

5/24/2018 1:29:03 PM

DEBRA SPISAK
Clerk

DAVID JOE ROWLAND,           §
    *APPELLANT*            §
                     §
                     §
**v.**                       §          **NO. 02-17-00338-CR**
                     §
**THE STATE OF TEXAS,**      §
    *APPELLEE*             §

APPEALED FROM CAUSE NUMBER NO. 1443877D IN THE 213TH JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE TIMMIE WHITE AND HONORABLE LOUIS E. STURNS, JUDGES PRESIDING.

## STATE'S BRIEF

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

JOSEPH W. SPENCE
Assistant Criminal District Attorney
Chief of Post-Conviction

Oral Argument is requested but only if granted to Appellant.

ANDRÉA JACOBS
Assistant Criminal District Attorney
State Bar No. 24037596
COAappellatealerts@tarrantcountytx.gov

CHRISTOPHER M. BUCKALEW and
WILLIAM KNIGHT
Assistant Criminal District Attorneys
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672

**TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES.................................................................................... iii

STATEMENT OF THE CASE...............................................................................1

RESPONSE TO ISSUE PRESENTED ..................................................................2

The trial court properly allowed the admission of evidence that Appellant failed to appear during his first trial because the evidence was relevant and the probative value was not substantially outweighed by the danger of unfair prejudice.

STATEMENT OF FACTS ......................................................................................3

SUMMARY OF ARGUMENT ..............................................................................7

ARGUMENTS AND AUTHORITIES ...................................................................8

Issue:    Whether the testimony related to Appellant leaving a previous court setting was inadmissible because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice.

Response:    The trial court did not abuse its discretion in overruling Appellant's Rule 403 Objections to testimony that Appellant failed to appear at his first trial because the evidence was legally relevant and was not unfairly prejudicial.

I.    The evidence at issue, Appellant's objections, and the Court's rulings..........................................................................8

II.    The Standard of Review...........................................................9

III.    The trial court did not abuse its discretion in overruling Appellant's 403 objections ......................................................11

i

A.      *The trial court was free to disbelieve Appellant's testimony because it was inconsistent with his actions.*.................................................................11

B.      *The evidence was legally relevant to the offense because Appellant fled from his trial in this case because he was afraid he would be convicted in this case.*................................................................14

C.      *The trial court properly allowed admission of this legally relevant evidence because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.*...............15

CONCLUSION.........................................................................16

PRAYER....................................................................................17

CERTIFICATE OF SERVICE .................................................17

CERTIFICATE OF COMPLIANCE.........................................18

ii

# INDEX OF AUTHORITIES

**PAGE(S)**

**CASES**

**Texas Court of Criminal Appeals**

*Aguilar v. State*,
    444 S.W.2d 935 (Tex. Crim. App. 1969) ....................................................10

*Bigby v. State*,
    892 S.W.2d 864 (Tex. Crim. App. 1994) .........................................10, 14, 15

*Burden v. State*,
    55 S.W.3d 608 (Tex. Crim. App. 2001) ........................................................9

*Carrasco v. State*,
    154 S.W.3d 127 (Tex. Crim. App. 2005) ......................................................9

*Casey v. State*,
    215 S.W.3d 870 (Tex. Crim. App. 2007) ............................................ 9-10, 10

*Davis v. State*,
    329 S.W.3d 798 (Tex. Crim. App. 2010),
    *cert. denied*, 565 U.S. 830 (2011)...............................................................10

*Hodge v. State*,
    506 S.W.2d 870 (Tex. Crim. App. 1974) .............................................11, 14

*Kelly v. State*,
    163 S.W.3d 722 (Tex. Crim. App. 2005) ...............................................12, 13

*Martinez v. State*,
    327 S.W.3d 727 (Tex. Crim. App. 2010),
    *cert. denied*, 563 U.S. 727 (2010)...............................................................10

*Montgomery v. State*,
    810 S.W.2d 372 (Tex. Crim. App. 1990) .................................................9, 10

*Rumbaugh v. State*,
    629 S.W.2d 747 (Tex. Crim. App. 1982) ........................................................11

*Tillman v. State*,
    354 S.W.3d 425 (Tex. Crim. App. 2011) .........................................................9

*Wockenfuss v. State*,
    521 S.W.2d 630 (Tex. Crim. App. 1975) .........................................11, 13, 14

**Texas Courts of Appeal**

*Reyes v. State*,
    480 S.W.3d 70 (Tex. App. – Fort Worth 2016, pet. ref'd)............................10

**STATUTES, RULES, AND ORDINANCES**

Tex. R. Evid. 403 ........................................................................................15

IN THE COURT OF APPEALS FOR THE
SECOND DISTRICT OF TEXAS

DAVID JOE ROWLAND,  §
      *APPELLANT*  §
       §
       §
**v.**  §        **NO. 02-17-00338-CR**
       §
**THE STATE OF TEXAS,**  §
      *APPELLEE*  §

    *APPEALED FROM CAUSE NUMBER NO. 1443877D IN THE 213ᵀᴴ JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS; THE HONORABLE TIMMIE WHITE AND HONORABLE LOUIS E. STURNS, JUDGES PRESIDING.*

TO THE HONORABLE JUSTICES OF SAID COURT:


**STATEMENT OF THE CASE**

CHARGE ............................................................. BURGLARY OF A BUILDING
[CR 6, 121; 2 RR 4, 5-6]

THE PLEA (Guilt/Innocence) ......................................................... NOT GUILTY
[CR 121; 2 RR 6]

THE VERDICT (Jury) ............................................. BURGLARY OF A BUILDING
[CR 121; 4 RR 30]

THE PLEA (Punishment) ........................................ NOT TRUE (STOOD MUTE)
[CR 121; 5 RR 6, 69]

THE PUNISHMENT (Court) ................................................................. 8 YEARS
[CR 121; 5 RR 70]

1

## RESPONSE TO ISSUE PRESENTED

The trial court properly allowed the admission of evidence that Appellant failed to appear during his first trial because the evidence was relevant and the probative value was not substantially outweighed by the danger of unfair prejudice.

# STATEMENT OF FACTS

During the early morning hours of October 22, 2015, Matthew Bruce ("Bruce") was working security at Harbor One on Eagle Mountain Lake. [3 RR 122-23, 128-29] While talking with some tenants, Bruce heard a loud metallic crash coming from the other side of the Flight restaurant. [3 RR 123] Bruce rushed over to Flight and observed a silver BMW, temporary Texas license number 688-085D, and two men pushing a metal box up a grassy slope. [3 RR 124, 130] Bruce approached the two men and recognized one of them as DAVID JOE ROWLAND ("Appellant"). [3 RR 131] Bruce advised Appellant and his friend to leave. [3 RR 129] Appellant and his friend proceeded to put the metal box into the back of the vehicle and left the area. [3 RR 129] State records later confirmed the silver BMW, temporary Texas license number 688-085D, belonged to Appellant. [3 RR 148-49]

Around 9:00 a.m. that morning, the manager, Keith Armstrong ("Armstrong") arrived at Flight to begin the day. [3 RR 17, 18] After a few minutes, he noticed the restaurant's small safe was missing. [3 RR 19] Armstrong immediately called David Bryan ("Bryan"), the owner of the restaurant, and Bryan showed up about an hour later. [3 RR 21, 23] The restaurant had a surveillance system on which both Armstrong and Bryan identified Appellant inside the locked restaurant at around the time the safe was stolen. [3 RR 24-26, 56-57; S.Ex. 1]

On February 15, 2017, Appellant was set for trial. [CR 7; PP RR 4]

Appellant's trial attorney requested a continuance. [CR 7, 57; PP RR 4] Counsel requested a continuance for the following reasons:

- They had been unable to locate a witness for a year but Appellant now had information that could lead to finding him/her [PP RR 4-5];

- Appellant had indicated there was other information that was needed to be thoroughly vetted before trial [PP RR 6];

- Appellant was requesting the continuance [PP RR 6]; and

- Appellant just then said that he may have an alibi witness he would like subpoenaed [PP RR 9].

The judge denied the motion for continuance but offered to appoint an investigator for witnesses. [PP RR 6] Court was recessed until 10:30 a.m. [PP RR 10]

At 11:30 a.m. the trial court found that Appellant had not returned from recess even though diligent efforts were made to contact him. [PP RR 11] The trial court then held Appellant's bond insufficient, dismissed the jury panel, and issued a capias for Appellant's arrest. [PP RR 12]

On February 16, 2017, Appellant's trial counsel filed motions for an investigator and to withdraw from representation. [CR 62-68]

On March 1, 2017, Appellant's case was again called for trial. [CR 8, 69, 70] Appellant did not appear and his bond was forfeited. [CR 8, 69, 70] The trial court also granted trial counsel's motion to withdraw. [CR 68]

On or around August 16, 2017, Appellant was arrested on this case. [CR 71-73] New trial counsel was then appointed to represent him. [CR 72]

4

On September 18, 2017, Appellant proceeded to trial a second time. [1 RR 1] A hearing was held outside the presence of the jury regarding whether testimony regarding Appellant's failure to return for his first trial was admissible. [3 RR 155] Appellant testified he did not return to trial for the following reasons:

- Appellant felt trial counsel was not ready. [3 RR 161-62]

- Appellant was concerned that trial counsel had no witnesses or material evidence. [3 RR 162]

- Appellant felt like trial counsel was not acting in Appellant's best interest. [3 RR 162]

- Appellant felt like he was going to be railroaded. [3 RR 162]

- Appellant "had already entered into discussions with another attorney. And [he] was - - that helped to use that $5,000 to get another attorney to help represent [him]." [3 RR 162]

- Appellant "wanted it resolved." [3 RR 163]

And Appellant admitted:

- During his first trial, he did not tell the judge that he wanted to hire new counsel. [3 RR 164-65]

- He did not turn himself in after he hired a lawyer. [3 RR 165]

- He had to be arrested to be brought back to court. [3 RR 165]

Appellant's sister then testified:

- Appellant told her that he did return to court because his attorney did not bring the evidence needed to "prove his case." [3 RR 167]

- Appellant told her in <u>August</u>, after he was arrested, that he was going to have to get a new attorney. [3 RR 168]

5

• She loved her brother and did not want him to go to prison. [3 RR 169]

The trial court took judicial notice of the District Clerk's file, overruled Appellant's objections, and found the evidence regarding flight admissible. [3 RR 175]

During Appellant's second trial, Sarah Sherman ("ACDA Sherman") testified regarding his flight during his first trial. [3 RR 176-82] ACDA Sherman testified as follows:

Q. Now, back in February of 2017, did [Appellant] show up whenever he was required to do so by the Court for jury selection?

**A. He did not.**

Q. In fact, how long did - - we waited quite a while in this courtroom for him, didn't we?

**A. Yeah. I believe we waited about an hour.**

[3 RR 179-80] The Court's Charge did not mention Appellant's failure to return. [CR 110-14] Neither prosecutor argued during closing arguments that Appellant failed to return during his first trial nor that it was evidence of consciousness of guilt. [4 RR 5-12, 26-29] No connection was ever made to the jury that Appellant's failure to return to his first trial was evidence of guilt. [CR 110-114; 3 RR 179-80; 4 RR 5-12, 26-29]

## SUMMARY OF ARGUMENT

The trial court's judgment should be affirmed. While Appellant testified that he fled because he was afraid he would receive ineffective assistance of counsel at trial, the trial court was free to disbelieve Appellant's excuse. For whatever reason Appellant chose to not return to trial, there was a logical connection to the charged offense because it was the trial in this case. Therefore, the evidence was legally relevant to the offense under prosecution. The trial court's actions were proper.

Appellant's sole issue should be overruled.

## ARGUMENTS AND AUTHORITIES

Issue I:  Whether the testimony related to Appellant leaving a previous court setting was inadmissible because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice.

**Response I:  The trial court did not abuse its discretion in overruling Appellant's Rule 403 objections to testimony that Appellant failed to appear at his first trial because the evidence was legally relevant and was not unfairly prejudicial.**

## I.     The Evidence at Issue, Appellant's Objections, and the Court's Rulings

Appellant contends that the trial court reversibly erred in overruling his Rule 403 objection to the testimony that Appellant failed to return during his first trial. *See Appellant's Brief*, p. 7. He argues that since Appellant failed to return only because he believed he was receiving ineffective assistance of counsel and would be "railroaded" by the State, the evidence was not "connected to the offense in this case." *See Appellant's Brief*, p. 10. The admission, he concludes, was therefore error. *See Appellant's Brief*, p. 10.

However, the evidence was connected to this case because Appellant fled his trial in this case. In addition, the trial court was free to disbelieve Appellant's explanation for why he fled. Finally, the issue at trial was Appellant's guilt. The trial court therefore did not abuse its discretion in overruling Appellant's Rule 403 objection because the probative weight of the evidence to demonstrate consciousness of guilt in a case where Appellant's defense was that he was not the person who

8

committed the offense was not "substantially" outweighed by its prejudicial effect. In the alternative, the error was harmless.

## II.    The Standard of Review

An appellate court must review a trial court's admission of evidence under the abuse of discretion standard. *See Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Under this standard, a trial court enjoys "wide latitude to exclude, or particularly in view of the presumption of admissibility of relevant evidence, *not* to exclude" evidence. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990). So long as the court operates "within the bounds of discretion, an appellate court should not disturb its decision, whatever it may be." *Montgomery*, 810 S.W.2d at 390; *see also Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). A trial court abuses its discretion in admitting evidence only if its ruling is so clearly wrong that it lies outside the "zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391; *see also Tillman*, 354 S.W.3d at 435. In other words, an appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *See Carrasco v. State*, 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).

Evidence that is relevant may nevertheless be excluded under Rule 403 if the danger of unfair prejudice substantially outweighs the probative value of the evidence. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). The

9

term "probative value" refers to the inherent probative force of an item of evidence, or "how strongly it serves to make more or less probable the existence of a fact of consequences to the litigation." *Id.* Only "unfair" prejudice provides a basis for exclusion of relevant evidence, however. *See Montgomery*, 810 S.W.2d at 389; *see also Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010), *cert. denied*, 563 U.S. 727 (2010) ("Rule 403 does not require exclusion of evidence simply because it creates prejudice; the prejudice must be 'unfair'"). Unfair prejudice arises from evidence that has an undue tendency to suggest that a decision be made on an improper basis, commonly but not exclusively, an emotional one. *See Casey*, 215 S.W.3d at 879; *see also Reyes v. State*, 480 S.W.3d 70, 78 (Tex. App. – Fort Worth 2016, pet. ref'd) ("'Unfair prejudice' refers to evidence that has an undue tendency to suggest a decision on an improper basis, such as an emotional one"). Rule 403 applies only when a clear disparity exists between the degree of prejudice of the offered evidence and its probative value. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010), *cert. denied*, 565 U.S. 830 (2011).

The Court of Criminal Appeals has repeatedly held that flight or failing to appear for court is generally admissible "as a circumstance from which an inference of guilt may be drawn." *See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994) (citations omitted); *see also Aguilar v. State*, 444 S.W.2d 935, 938 (Tex. Crim. App. 1969) (failure to appear at a previous setting is properly admissible to show

10

flight). Before such evidence is admitted, however, it must appear that it has some

legal relevance to the offense under prosecution. *Rumbaugh v. State*, 629 S.W.2d

747, 752 (Tex. Crim. App. 1982). Once the State demonstrates some legal relevance,

> ". . . the burden then shifts to the defendant to show affirmatively that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial."

*Wockenfuss v. State*, 521 S.W.2d 630, 632 (Tex. Crim. App. 1975) (quoting *Hodge*

*v. State*, 506 S.W.2d 870, 873 (Tex. Crim. App. 1974) (op. on reh'g)). However,

> "[i]f the defendant offers evidence that the escape and flight may have sprung from some other cause, but its connection to the offense on trial remains a logical one, the evidence would still be admissible, the defensive evidence going only to the weight of the evidence."

*Hodge v. State*, 506 S.W.2d at 873. In short, absent a showing by the defendant that

the flight was related to circumstances unrelated to the charged offense, evidence of

flight is admissible. *See Rumbaugh v. State*, 629 S.W.2d at 752.

## III. The Trial Court did not Abuse Its Discretion in Overruling Appellant's Rule 403 Objections.

A. *The trial court was free to disbelieve Appellant's testimony because it was inconsistent with his actions.*

As explained above, evidence of flight is admissible unless the defense

demonstrates that the flight had no connection to the charged offense. *Id.* When

determining whether the flight had any connection to the charged offense, the trial

court heard testimony from Appellant and his sister that Appellant fled because he

11

was afraid he was receiving ineffective assistance of counsel and did not want to be railroaded by the State on the charged offense. [3 RR 161-69] Appellant argues that this testimony was consistent with the record that Appellant's trial counsel requested a continuance to prepare Appellant's defense. *See Appellant's Brief*, p. 9. However, Appellant's testimony was inconsistent with his own actions. And "the factfinder is empowered, on the basis of credibility and demeanor evaluations, to completely disregard a witness's testimony, even if that testimony is uncontroverted." *Kelly v. State*, 163 S.W.3d 722, 727 (Tex. Crim. App. 2005) (hearing on speedy trial claim).

Appellant testified he "had already entered into discussions with another attorney. And [he] was - - that helped to use that $5,000 to get another attorney to help represent [him]." [3 RR 162] However, Appellant never advised the trial court that he wanted to hire a new attorney. [PP RR 4-11; 3 RR 164-65] And, when he was arrested six months later, he did not have counsel. [CR 72; 3 RR 168] According to his sister, he told her in August he would need to get a new attorney. [3 RR 168]

Appellant testified that he "wanted [the case] resolved" and only left because he was afraid he would not have a defense. [3 RR 163] But Appellant did not return for his March 1, 2017, setting. [CR 8, 69, 70] Appellant never contacted the court. [CR 8] And at no time did he turn himself in to have the case resolved. [3 RR 165] He ultimately had to be arrested to be brought to court. [3 RR 165, 168]

Finally, Appellant testified that he left because his first attorney did not have any witnesses or material evidence to demonstrate his innocence. [3 RR 161-62] However, Appellant never explained to the court who those witnesses were or what material evidence trial counsel did not have with him. [3 RR 161-62] During the hearing on the motion for continuance in February 15, 2017, Appellant's first attorney advised the trial court that he needed a continuance to obtain (1) a witness to testify regarding the ownership of the automobile, (2) a possible alibi witness, and (3) additional information. [PP RR 4-5, 6, 9] But there was never any showing to the trial court, during the motion for continuance or during the admissibility hearing, as to who those witnesses are or what additional information should have been presented.

The trial court was tasked with deciding whether there was any connection between Appellant's flight and the charged offense. *See Wockenfuss v. State*, 521 S.W.2d at 632. In doing so, the court heard the evidence and was free to believe or disbelieve each witness. *See Kelly v. State*, 163 S.W.3d at 727 (speedy trial hearing). And, based on Appellant's own actions, the trial court was free to find that Appellant's argument that he fled because he was afraid he was not going to be defended at trial was not credible.

*B.*     *The evidence was legally relevant to the offense because Appellant fled from his trial <u>in this case</u> because he was afraid he would be convicted <u>in this case</u>.*

Assuming, without conceding, that Appellant truly fled because he was afraid that he was going to receive ineffective assistance of counsel <u>in this case</u>, the evidence was still legally relevant because Appellant fled his trial <u>in this case</u>.  As the Texas Court of Criminal Appeals held in *Bigby v. State*,

> Appellant's attempted escape *clearly had relevance* to appellant's guilt of the crime charged *as it was committed during the guilt phase of the trial*.

*Bigby v. State*, 892 S.W.2d at 883.  Here, just like in *Bigby*, Appellant was trying to flee the guilt phase of his trial.  No matter what the reason, Appellant did not want to go to trial in this case.  Therefore, the connection to this case is still a logical one. While Appellant was free to explain to the jury why he fled his first trial, the explanation did not make the evidence any less admissible.  *See Hodge v. State*, 506 S.W.2d at 873.  The evidence was legally relevant.

Because the evidence was legally relevant, and Appellant was unable to demonstrate the flight was <u>not connected</u> with the offense at trial, the evidence was generally admissible.  *See Wockenfuss v. State*, 521 S.W.2d at 632.

14

*C.* *The trial court properly allowed admission of this legally relevant evidence because the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.*

Otherwise admissible evidence can become inadmissible if the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. To make this determination, this Court should "look to the strength of the [State's] other evidence tending to show [Appellant] committed the crime charged." *Bigby v. State*, 892 S.W.2d at 883 (citation omitted). In addition, it should consider the State's "need" for the evidence and "the time it may take to prove such evidence in determining the prejudicial effect of the evidence." *Id.* (citation omitted).

"[E]vidence of flight goes to the very guilt of [A]ppellant." *Id.* at 884. As such, it enhances the State's case. *Id.* And here, the other evidence of guilt against Appellant was strong. Appellant was identified by three witnesses and the jury viewed video evidence of Appellant in the restaurant at the time of the offense. [3 RR 24-26, 56-57, 131; S.Ex. 1] In addition, an eyewitness identified Appellant's vehicle by its license plate number as the vehicle of the persons that were in possession of a "metal box" like the safe stolen from the restaurant. [3 RR 124, 130, 148-49]

Comparatively, the State spent very little time on the evidence of flight. ACDA Sherman only testified that Appellant did not show up for jury selection and

the parties waited an hour before calling it a day. [3 RR 179-80] Neither the Court's Charge nor the State's arguments mentioned the flight. [CR 110-14; 4 RR 5-12, 26-29] And no connection was ever made to the jury that Appellant's failure to return to his first trial was evidence of guilt. [CR 110-114; 3 RR 179-80; 4 RR 5-12, 26-29]

In short, the probative value of the evidence was not substantially outweighed by its prejudicial nature in this case. Appellant's sole point of error should be overruled.

## CONCLUSION

Appellant's sole issue should be overruled. Because Appellant fled his first trial on this offense, his flight was relevant to this offense. Appellant's reasons for his flight only went to the weight of the evidence and not its admissibility as there was a logical connection between the flight and the charged offense. Therefore, the trial court properly admitted the evidence as it was legally relevant. The trial court's judgment should be affirmed.

**PRAYER**

The State prays that this Court affirm the trial court's judgment and overrule Appellant's sole issue.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

JOSEPH W. SPENCE, Chief
Post-Conviction

/s/ Andréa Jacobs
Andréa Jacobs, Assistant
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:       817/884-1687
Facsimile:   817/884-1672
COAappellatealerts@tarrantcountytx.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the State's Appellate Brief was e-served on the 24th day of May, 2018, to Appellant, David Joe Rowland, by and through his attorney-of-record, Mr. Brian J. Newman, Brian_Newman@defendyourfuture.com, 209 W. 2nd Street, Suite 347, Fort Worth, Texas 76102.

/s/ Andréa Jacobs
Andréa Jacobs

17

## CERTIFICATE OF COMPLIANCE

The total number of words in this State's Brief, including any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of the issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and/or appendix, is **4138** words, as determined by the word count feature of Microsoft Office Word 2013.

/s/ Andréa Jacobs
Andréa Jacobs