Bobby Lee JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 48197.

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Allen C. Isbell and Kenneth J. Douglas, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Bert Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The jury found appellant guilty of rape by force and the court assessed his punishment at confinement for ten years. There is no challenge to the sufficiency of the evidence.

Sometime around 2 a. m., July 28, 1972, prosecutrix was raped in a bedroom of her home in Houston. Immediately thereafter she managed to elude her attacker long enough to run into a bathroom adjoining her bedroom. With a bright light burning in the bathroom, she testified that she had a good look at her attacker, observing that he had bruised lips, was wearing an earring, and had a large scar on his stomach.

She managed to get outside of her house, and ran screaming for some distance where she hid in the weeds and grass for some time. At or about this time, two city policemen on routine patrol turned into the street upon which prosecutrix's home was located and, hearing screams of a woman but being unable to locate the origin thereof, began looking for the cause of the screams. One of the officers noticed a man, shown to have been appellant, near a fence behind the house of prosecutrix or that of her next door neighbor, Willie Willis. The officer called for appellant to remain where he was, advising him that he was a police officer. Appellant broke and ran but was captured after a chase of several blocks. When captured, appellant was clad only in his pants which were "unbuttoned and unzipped and sagging," and his socks. He had an earring in one ear and a large scar on his stomach.

The officer's partner parked in the driveway separating the house of prosecutrix from the Willis house and, upon capture, appellant was placed in the police vehicle. Willis and his wife then reported a burglary of their home and told the officers that a man had just run away from their house after an unlawful and surreptitious entry. Mr. and Mrs. Willis, on direct examination, were unable to positively identify appellant as the intruder; but, upon cross-examination, Mr. Willis became somewhat more positive in his identification of appellant as the man who entered his home.

The officers then "booked" appellant for suspicion of burglary of the Willis residence. At this time, neither officer had

any knowledge of the alleged rape next door to the Willis residence.

Within a short time after appellant had been arrested, the police received their first report of the rape of prosecutrix. She had gone to the home of her sister, thence to the home of a sister-in-law, reported the rape, and the police were notified. Prosecutrix gave to the police the description of her assailant noted above which fitted the appearance of appellant. The police officers then notified appellant that he was being held upon a charge of rape and charges were filed later in the day for that offense.

Upon the trial, Mr. and Mrs. Willis described their being awakened by a man in their home who fled upon being discovered, but they could not identify appellant as the intruder. Later in the day of July 28, 1972, appellant was taken by the police to a hospital so that he could be examined by doctors. While there, he escaped from custody and was apprehended about a month later. Appellant did not testify at the guilt-innocence stage of the trial.

Appellant seeks reversal upon two grounds of error: First, the trial court erred in admitting evidence concerning the burglary of the Willis home; and, secondly, it erred in admitting evidence of his escape from custody.

Appellant's brief cites many of the leading authorities discussing the rule of exclusion of evidence of extraneous offenses. Among the cases so mentioned is that of Albrecht v. State, 486 S.W.2d 97 (Tex.Cr. App.1972), wherein Judge Odom treated the subject in great detail. As expressed in this authoritative opinion, the rule governing the case at bar is to be found in these words:

"Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence." (486 S.W.2d at 100, footnote omitted)

The evidence of the rape and the entry into the Willis residence, appellant's unusual appearance, and his acts after being discovered in immediate proximity to the scene of both crimes, made it almost impossible to separate the two offenses. As was said in the recent case of Simmons v. State, 504 S.W.2d 465 (Tex.Cr.App.1974): "Evidence so interconnected with the commission of the instant offense cannot be separated, and is admissible as res gestae to show the context in which the murder occurred." So it is here, and the first ground of error is overruled.

Appellant's second ground of error is likewise without merit. While in the hospital for examination and treatment of the facial wounds described by the prosecutrix, appellant escaped from custody. This was upon July 28, 1972, the date of the alleged rape and at a time when formal charges of rape had been filed against him by the police officers. Our record does not disclose that any charges of burglary of the Willis residence were ever filed.

Appellant recognizes, as indeed he must, the general rule that evidence of this escape from custody is admissible on the issue of guilt. The recent case of Gonzales v. State, 492 S.W.2d 263, 264 (Tex.Cr. App.1973), reiterates this well established rule. But, appellant, citing the old case of Damron v. State, 58 Tex.Cr.R. 255, 125 S. W. 396 (1910), contends that he is within the exception to the rule there announced.

We need not add to our already lengthy statement to show the inapplicability of the Damron rule to our fact structure. The evidence was so closely connected with the offense on trial that it was a relevant cir-

cumstance bearing upon the issue of guilt. Ground two is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.