## Lucky Hicks v. The State.

### No. 4719. Decided November 28, 1917.

### Rehearing denied December 21, 1917.

**1.—Robbery—Bill of Exceptions—Flight.**

Where the bill of exceptions stated the mere ground of objection to testimony as to the defendant's escape from jail, and failed to incorporate sufficient evidence to certify to its truth, the same could not be considered on appeal; besides, the record showed such testimony to have been admissible.

**2.—Same—Flight—Other Offenses—Same Transaction.**

Where, upon appeal from a conviction of robbery, the defendant contended that the testimony as to his escape from jail was inadmissible because the flight inquired about was with reference to a different offense, but the record showed that the offense with which he was charged was one and the same transaction with the one in which he was not yet formally charged but was aware that he would be so charged, there was no error in admitting testimony of his escape from jail.

**3.—Same—Sufficiency of the Evidence—Identification.**

Where, upon trial of robbery, the defendant was identified by positive testimony as one of the parties who committed the robbery, although there was testimony to the contrary, the conviction is sustained.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Charles Ashworth* and *Ross Huffmaster,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of escape: Buchanan v. State, 41 Texas Crim. Rep., 127.

MORROW, JUDGE.—Appellant's conviction was for robbery, and his punishment assessed at confinement in the penitentiary for five years.

The sufficiency of the evidence is not challenged, nor the charge of the court criticised. A bill of exceptions calls in question the correctness of the court's ruling with reference to escape and flight by the appellant. Appellant, while testifying as a witness, was asked by State's counsel if he had not broken jail and run away. The bill shows that objection was made on the ground that the escape and flight inquired about related to an occasion when appellant was in jail charged with robbing a person different from the one named in the indictment. These objections constitute a mere statement of the ground of objection and fail to incorporate sufficient evidence to verify their truth. The facts on which the objection rests should be verified. Smith v. State, 4 Texas Crim. App., 630; Mims v. State, 68 Texas Crim. Rep., 432, 153 S. W. Rep., 321, and numerous cases cited in Branch's Ann. P. C., p. 134, sec. 209. In approving the bill the court makes a statement to the effect that appellant and other parties were involved in the robbery of Watson Wade, the person named in the indictment, and Reagin Foote and others; that the robberies were committed by the same parties at about the same time and all of the same transaction; that appellant was arrested on complaint charging him with the robbery of Reagin Foote, but was not charged by complaint with the robbery of the other parties; that he was denied bail in the case that was filed against him, and the grand jury subsequently indicted him in the several cases, including this case. That while he was in jail under these circumstances and before indictment the flight took place. The only facts verified being those contained in the court's remarks, the admissibility of the testimony must be tested thereby. We have examined the statement of facts in connection with the matter, and it appears therefrom that there was testimony that appellant and three others went to a negro picnic in the night-time in a hired automobile, and that while there and near there several persons were robbed by

members of the party, firearms being used. The testimony of appellant, which was objected to, apparently was that he was arrested about 3 o'clock the next day after the robberies; that he broke jail and was out some three weeks, and with him were two of the parties who, the evidence discloses, were with him on the occasion of the robbery. Explaining the circumstance of his breaking jail, he said that it was because bail had been denied him; that he could have gone out ,of the State but instead went among people in the State whom he knew; that he did not believe any indictment would be found against him, and he and the others with him had agreed to return when the grand jury met, but was caught before that time.

Flight, concealment, escape and evasion of arrest when relevant are admissible. 12 Cyc., 395; Hardin v. State, 4 Texas Crim. App., 355; Holt v. State, 39 Texas Crim. Rep., 282; Branch's Ann. P. C., 78, sec. 135, and cases cited; Wigmore on Ev., secs. 276 and 281. The relevancy of such evidence depends upon its relation to the particular offense or offenses involved in the trial, and it is not admissible to prove flight or escape as a circumstance reflecting upon the accused when it relates to an entirely different and disconnected charge of offense. Damron v. State, 58 Texas Crim. Rep., 255. To render evidence of flight, escape or evasion of arrest admissible it is not necessary that there be an indictment or charge filed against the accused. It is only required that flight or evasion be so connected with the offense on trial as to render it relevant as a circumstance bearing upon his guilt. On trial for rape evidence of flight was admitted, although at the time of the flight there was no charge of rape pending, but complaint had previously been filed for incest. The facts of the two offenses were so closely connected with each other as to render the inference of guilt inferable from flight applicable to either. Buchanan v. State, 41 Texas Crim. Rep., 130.

The facts of this case as certified by the trial judge would seem to bring it within the same rule. The court says: "The State did not at that time file a complaint against him for robbery of all of the parties who claimed to have been robbed upon these two occasions and only a few minutes apart, but the grand jury at the succeeding term of the court indicted him in all of these cases, and while it is true that there was no charge pending against him for the robbery of Watson Wade at the time he escaped from jail, yet they were practically one and the same transaction." Similar facts were involved in People v. Kent, decided by the Supreme Court of Michigan, 81 N. W. Rep., 1097, in a case where one was in jail convicted of a misdemeanor and while not charged with a robbery was aware such a charge might be filed against him, it was held that his escape from jail was admissible on his subsequent prosecution for robbery.

Our conclusion is that as presented the record discloses no error, and the judgment of the lower court is, therefore, affirmed.

*Affirmed.*

ON REHEARING.

Decided November 21, 1917.

MORROW, JUDGE.—Appellant in his motion assails the sufficiency of the evidence on the ground that the witnesses who identified appellant as one of the party participating in the robbery were unreliable. Several witnesses testified that a party of four men committed the robbery on several persons; that they used firearms, and had their faces partly covered with a cloth or handkerchief in the way of disguise. Appellant was identified by positive testimony as one of the party, and as taking part in the robbery of the party named in the indictment. There is no question as to the sufficiency of the evidence if the jury believed it to be true, and it was their province, and not that of this court, to pass upon the credibility of the witnesses and the weight to be given their testimony.

The motion is overruled.                              *Overruled.*