Burke, J.
This appeal concerns the admissibility of evidence of flight in a criminal prosecution. Defendant’s conviction for robbery rested, in part, upon testimony that he attempted to escape from custody. After the jury returned its verdict of guilty, defense counsel moved to set aside the verdict on the ground that the evidence of flight was inadmissible because, at the time of the attempted escape, defendant was also detained under an Ohio warrant for parole violation. It was urged that, when a person is detained for two or more crimes, flight is not relevant to show guilt of either. The trial court denied the motion but the Appellate Division has reversed the conviction and ordered a new trial, holding that flight, while generally admissible as evidencing a consciousness of guilt, cannot be admitted where it is “ impossible to tell to which, if either, of *304 the charges the inference of guilt should be attributed.” (18 A D 2d 409, 411.)
It is our opinion that the evidence of defendant’s attempted escape was properly admitted. It is quite true that the attempted escape might have been motivated by a consciousness of guilt of the-Ohio parole violation as well as by guilt feelings over the crime involved here. Indeed, the defendant may have fled because of guilt of both, or for some other innocent reason. This spectrum of possibilities, however, does not differ materially from that present in any case in which a defendant’s flight is introduced in evidence. This court has always recognized the ambiguity of evidence of flight and insisted that the jury be closely instructed as to its weakness as an indication of guilt of the crime charged. (Ryan v. People, 79 N. Y. 593; People v. Florentino, 197 N. Y. 560; People v. Leyra, 1 N Y 2d 199.) Such instructions were given here.
The limited probative force of flight evidence, however, is no reason for its exclusion. The distinction between admissibility and sufficiency must be borne in mind. Flight is a form of circumstantial evidence; and any circumstantial evidence, to be sufficient in itself to sustain a conviction, must be inconsistent with all reasonable hypotheses of innocence (People v. Raszenzicz, 206 1ST. Y. 249, 269-270; People v. Taddio, 292 N". Y. 488 ; People v. Carpenito, 292 N. Y. 498). But the admissibility of each piece of circumstantial evidence is subject to no such rule. Generally speaking, all that is necessary is that the evidence have relevance, that it tend to- convince that the fact sought to be established is so. That it is equivocal or that it is consistent with suppositions other than guilt does not render it inadmissible (1 Wigmore, Evidence [3d ed.], §§ 31, 32). Evidence of flight as indicative of a consciousness of guilt is a classic example of the admissibility of equivocal circumstantial evidence; and unless we are to overrule a very long line of cases upholding its admissibility under proper instructions, the correctness of the judgment appealed from must depend on the validity of the distinction drawn between the sort of flight evidence that is concededly admissible and that involved here. We believe that no such distinction should be made. It is common in cases of attempted flight to find that the defendant is charged with several crimes, or, at the time of flight, was guilty of some other *305 offense, such as parole violation. To require as a matter of law that the admissibility of flight evidence depends on its unequivocal connection with guilt feelings over the particular crime charged would, therefore, operate to exclude such evidence from many cases in which it has always been regarded as admissible as a matter of course. No one disputes the general rule, as stated by Wigmore, that ambiguities or explanations tending to rebut an inference of guilt do not render flight evidence inadmissible but, rather, must be introduced as part of the defense and submitted to the jury. (2 Wigmore, Evidence [3d ed.], § 276.) The suggested distinction would mean that only alternative innocent explanations of the flight are matters of rebuttal within the supposedly general rule, while the special dispensation of absolute exclusion is reserved for those who could show multiple guilt. We think there is obviously no justification for distinguishing in such a manner between an explanation urging that flight was not motivated by consciousness of guilt at all, and one which urges that it was prompted by consciousness of a different guilt. (Accord, 2 Wigmore, Evidence [3d ed.], § 276, note 2.) Such a distinction not only lacks support in the principles and theory of evidence, but would create a practical preference in favor of persons who act from guilty reasons over those who act from innocent motives.
Lastly, we cannot assent to the argument that the admission of this evidence unfairly places the defendant in the position of either disclosing to the jury his prior conviction or of remaining silent while the jury weighs the fact of flight unenlightened by knowledge of the dual reason for his detention. It is for the defendant’s benefit that he alone has the option whether to put the fact of a prior conviction before the jury as an explanation for his flight. If the alternative explanation is itself unsavory, and he chooses, as he did in this case, not to disclose it, that does not disable the People from relying on that part of the truth (the unexplained flight) that is clearly a proper part of their evidence-in-chief. In short, the defendant’s privilege to withhold evidence of prior convictions is a shield, not a sword, and its exercise affords no good reason for complaint that the whole truth is not then before the jury.
The order of the Appellate Division is, therefore, reversed and, since the reversal was on the law alone, the facts being affirmed, the judgment of conviction is reinstated.
*306 Chief Judge Desmond and Judges Dye and Soileppi concur with Judge Burke; Judges Fuld, Van Voorhis and Foster dissent and vote to affirm for the reasons stated in the opinion at the Appellate Division.
Order of Appellate Division reversed and judgment of Rensselaer County Court reinstated.