Argued November 29, 1972, affirmed January 12, petition
for rehearing denied February 8, petition for
review denied April 10, 1973

# STATE OF OREGON, *Respondent, v.* JEFFREY EDWARD FITZGERALD (No. 28806), *Appellant.*

505 P2d 955

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction of first-degree burglary. ORS 164.225. He asserts error in two respects: (1) that the testimony of an accomplice charged with him which directly implicated him in the crime was not sufficiently corroborated; and (2) that testimony concerning an escape and attempts to escape from confinement pending trial should not have been received over his objection.

The accomplice testified that the burglary occurred on February 21, 1972 with the defendant, the accomplice and one other person joining in "kicking in" the door of a residence and stealing numerous items

therefrom. The accomplice's testimony was that the stolen property was put in a trailer house which was taken to one Witt's place where several rounds of ammunition were fired from rifles which were among the stolen property. The trailer was later moved to another location. One Van Ronk and Witt, neither of whom were accomplices in the burglary, testified to events which occurred while the trailer was at Witt's place, and that defendant was present during such events. They testified about firing of the rifles, the giving of one of them to Witt, and a statement by one of the others of the three burglars that they had "kicked in" a door when they obtained the property, at which time defendant remained silent.

The two independent witnesses testified that this defendant was present at each movement of the property which was independently identified as having been stolen in the burglary, and that the defendant appeared to be exercising control over the stolen property.

■ (1) The evidence, viewed as a whole, sufficiently "tends" to corroborate the testimony of the accomplice which directly involved the defendant in the commission of the crime. ORS 136.550.

> "* * * Before independent evidence of defendant's association with an admitted accomplice will furnish the corroboration necessary, it must appear that the defendant and the accomplice were together at a place and under circumstances not likely to have occurred unless there was criminal concert between them * * *." *State v. Carroll,* 251 Or 197, 200, 444 P2d 1006 (1968).

*See also State v. Cain,* 231 Or 616, 373 P2d 1004 (1962).

(2). The evidence of escape and attempts to escape was objected to because the defendant was

under indictment for the instant crime as well as three other alleged crimes at the various times involved. He contends that the consciousness of guilt that otherwise might be inferred by the jury from an escape becomes a subject of speculation under such circumstances. His reasoning is that it is impossible to tell which of the crimes he is fleeing from, and therefore it is impossible to tell to which of them his consciousness of guilt, if any, refers.

In *State v. Capitan,* 8 Or App 582, 494 P2d 443, Sup Ct *review denied* (1972), we held that evidence of an escape or attempt to escape is admissible because the fact trier might infer therefrom consciousness of guilt of the crime for which the defendant is held. In that case we also recognized there is a split in authority whether such evidence is available if the defendant is in confinement awaiting trial on more than one charge.

The decision in *State v. Crawford,* 59 Utah 39, 201 P 1030, 1033 (1921), expresses the rationale of that line of authority which holds that evidence of escape where there is more than one charge pending is not admissible. An examination of the opinion in this case, however, shows that the Utah court did not hold that evidence like that in the case at bar was inadmissible, but rather, it held that "* * * there was absolutely no evidence connecting defendant with the burglary in question unless it be the fact that defendant attempted to escape * * *." (59 Utah at 45.) That alone was not enough to support a conviction.

■ We think the better-reasoned cases hold the evidence is admissible if an adequate cautionary instruction is given the jury. Typical of the reasoning for this view is the opinion in *People v. Yazum,* 13

NY2d 302, 246 NYS2d 626, 196 NE2d 263 (1963). There, the New York court upheld admitting evidence of escape in such a situation, pointing out that the defendant has the opportunity of showing an innocent motive for his escape,[1] and said:

> "* * * We think there is obviously no justification for distinguishing * * * between an explanation urging that flight was not motivated by consciousness of guilt at all, and one which urges that it was prompted by consciousness of a different guilt. (Accord, 2 Wigmore, Evidence [3d ed.], § 276, note 2.) Such a distinction not only lacks support in the principles and theory of evidence, but would create a practical preference in favor of persons who act from guilty reasons over those who act from innocent motives." 13 NY2d at 305.

■ The relevance of evidence of escape as showing a guilty conscience is only lessened by reason of the fact that the defendant is under multiple indictments when the escape occurs. There may be circumstances where it is lessened to the extent that its prejudicial effect will overcome its relevance. Such a holding must await the presentation of a proper case. We have reviewed all of the evidence with reference to escape in the instant case and conclude that its possible prejudice did not outweigh its relevance. The court in its instructions adequately cautioned the jury of the limited purpose for which the evidence was received and for which the jury might consider it.

Affirmed.

---

[1] We are not sure whether an "innocent" motive might be an inborn dislike of confinement, or something else, like a situation where the jail is burning.