**Michael T. KELLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59523.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 5, 1980.

Mike Aranson and Frank Shor, Dallas, for appellant.

John B. Holmes, Jr., Dist. Atty., George McCall Secrest, Jr., W. Scott Carpenter and Rusty Hardin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ODOM and DALLY, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for commercial obscenity. V.T.C.A., Penal Code Sec. 43.23. After punishment was assessed at 30 days and a $500 fine, appellant was placed on probation.

In his first ground of error appellant contends the trial court committed reversible error when it excluded testimony of defense witness Spiegel relating to the contemporary community standards in Harris County. Appellant was charged with sale of "Oversexed Secretary", an obscene film. The testimony that Spiegel would have given was shown by a bill of exception:

"Q. For my Bill of Exception. Mr. Spiegel, you have seen 'Deep Throat' and you have seen this the 'Oversexed Secretary'?

"A. Yes, sir.

"Q. In your opinion are they comparable?

"A. Yes, sir.

"Q. And will you tell the Court whether or not you have any personal knowledge concerning the operation and the showing of the film 'Deep Throat'?

"A. Yes, I do.

"Q. Will you tell us how long 'Deep Throat' has shown and where?

"A. It's currently playing now in its fourth year. It's the longest playing motion picture in Houston motion picture theater history. It started out in I believe it was February of 1974, still playing now. It's played in that run continuously of either the Cinema West, the Academy or screening room. It has also played at other theaters. Some of the theaters we do not own and several other theaters such as West Branch and I think one other theater. And it's played at

lounges. It's available in 8–millimeter and it's still being sold in 8–millimeter and it's currently at the screen room at 2904 Main.

"A. And do you keep records as to how many people have viewed 'Deep Throat' over that period of time here in Harris County?

"A. Yes, sir.

"Q. And would you give the Court the benefit of that record?

"A. Well, at art theaters we've estimated now that it's well over–and I'm just talking about the theaters that we own now–it's well over 350,000. And the total that we estimate on runs that have played before it was ever confiscated plus what we considered to be prior plus playing in other theaters, we estimate that the number now is 750,000 people have seen 'Deep Throat' in some shape either in individual on tape, 8–millimeter or either at the theater or lounge.

"Q. And you are still operating it?

"A. Yes, sir."

The definition of obscenity in effect at the date of the offense alleged in this case was provided in V.T.C.A., Penal Code Sec. 43.21(1):

"(1) 'Obscene' means having as a whole a dominant theme that:

"(A) appeals to the prurient interest of the average person applying contemporary community standards;

"(B) depicts or describes sexual conduct in a patently offensive way; and

"(C) lacks serious literary, artistic, political, or scientific value."

It will be noticed that the definition of obscenity incorporates a test of "contemporary community standards." It was on this issue that the excluded testimony was presented.

In *Berg v. State*, 599 S.W.2d 802, this Court held it was reversible error to exclude evidence bearing on the issue of contemporary community standards. In that opinion the Court wrote:

"At the outset, the State *does not* contend that appellant had *no right* to intro-

duce materials tending to aid the jury in their determination as to what 'contemporary community standards' might be. Indeed, the Supreme Court has consistently held that the accused has the right to introduce such material in a criminal proceeding relating to obscenity offenses. See, e. g., *Hamling v. United States*, 418 U.S. 87, 105–106, 94 S.Ct. 2887, 2901, 41 L.Ed.2d 590 (1974)."

The evidence erroneously excluded in *Berg* consisted of magazines and a film, while the evidence excluded here was of a statistical nature. We nevertheless are of the opinion that the evidence in this case was admissible as circumstantial evidence relevant on the issue of contemporary community standards.

The established rule is that circumstantial evidence is that evidence which proves a secondary fact which, by logical inference, demonstrates the main fact to be proved. *Garrett v. State*, Tex.Cr.App., 566 S.W.2d 605; *James v. State*, Tex.Cr.App., 563 S.W.2d 599. It cannot be denied that the excluded testimony by Spiegel was circumstantial evidence on the community standards issue. Although other reasons might be hypothesized for the statistics offered by Spiegel, it would be speculative, and a matter for rebuttal evidence by the State, to show other explanations for the evidence.

A parallel may be drawn between the excluded evidence here and circumstantial evidence in other situations. For example, mere presence is a circumstance tending to prove guilt as a party. *Johnson v. State*, Tex.Cr.App., 537 S.W.2d 16. Yet no one would suggest such evidence should be excluded simply because mere presence might have been for innocent reasons.

Another example is the rule that evidence of flight is a circumstance from which an inference of guilt may be drawn. *Powell v. State*, Tex.Cr.App., 560 S.W.2d 646; *Kelley v. State*, Tex.Cr.App., 550 S.W.2d 69; *Holloway v. State*, Tex.Cr.App., 525 S.W.2d 165. Even though flight may be the result of motives other than guilt, that would not support exclusion of the evidence. The rule on admissibility of evidence of flight was stated in *Hodge v. State*, Tex.Cr.App., 506 S.W.2d 870:

"We hold that to support admission of evidence of escape from custody and flight it must appear that the escape and flight has some legal relevance to the offense under prosecution. *Hicks v. State*, 82 Tex.Cr.R. 254, 199 S.W. 487. In order to have such evidence excluded, the burden then shifts to the defendant to show affirmatively that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial. Escape and flight being evidence of a circumstantial nature, its admissibility is not conditioned on a showing that guilt is the only reasonable conclusion. Cf. 23 Tex.Jur.2d, Evidence, Sec. 143. If the defendant offers evidence that the escape and flight may have sprung from some other cause, but its connection to the offense on trial remains a logical one, the evidence would still be admissible, the defensive evidence going only to the weight of evidence. Cf. *People v. Yazum*, 13 N.Y.2d 302, 246 N.Y.S.2d 626, 196 N.E.2d 263 (1963)."

In this case the statistical evidence of community patronage of the movie "Deep Throat" was offered as circumstantial evidence of contemporary community standards. Widespread attendance indicates community acceptance. We find such evidence was legally relevant to the issue. To paraphrase *Hodge v. State*, supra, the evidence being of a circumstantial nature, its admissibility is not conditioned on a showing that the fact on which it is offered is the only reasonable inference that it would support. We hold the ruling excluding the evidence was erroneous.

The State asserts that defense witness Gordon was permitted to testify about his research as a sociologist on viewer response to "Deep Throat", and that Gordon and other witnesses were permitted to testify that "Oversexed Secretary" did not go beyond their limits of candor. From this the State argues that the testimony in the bill of exception quoted above was properly ex-

cluded because its probative value "was outweighed by the counterbalancing factors of redundancy and confusion."

 We find the excluded evidence is not cumulative. Other witnesses testified regarding their opinion of whether the film was within the limits of contemporary community standards, but apart from Gordon's testimony about a survey of some 260 viewers of "Deep Throat" at Rice University, no statistical evidence that could reflect community standards by the behavior of large numbers of individuals was presented.

Because the evidence was erroneously excluded, the judgment must be reversed.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.