**Roy Edward HINES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0297–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1982.

Discretionary Review Refused Oct. 20, 1982.

Stanley Schneider, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JACK SMITH, STILLEY and PRICE, JJ.

## OPINION

JACK SMITH, Justice.

The appellant appeals from his conviction of aggravated robbery in which he was sentenced to life imprisonment as an habitual criminal.

The sole issue in this appeal is whether the trial court erred in admitting evidence concerning the events that occurred on the day the appellant was arrested.

On November 3, 1979, the Steve Chazanow Jewelry Store, in Houston was robbed of jewelry worth approximately $500,000. During the course of the robbery the complainant was "pistol whipped" by one of the robbers, who was later identified as the appellant herein.

On February 2, 1980, the appellant was arrested in Midland, Texas, after which his photograph was taken. Thereafter the complainant and an employee, when shown appellant's picture in a photo array, identified the appellant as one of the persons who had robbed the Chazanow store on November 3. Prior to this time no identification had been made of either robber.

The appellant complains of the testimony of two police officers from Midland, Texas. The officers testified that upon receiving a radio dispatch regarding a high speed chase of a stolen vehicle, they then joined the chase and reached speeds of 125 miles per hour while pursuing the stolen vehicle. During the chase an occupant of the stolen vehicle fired three times at the two police officers who returned the fire. The appellant was in the stolen vehicle when it was stopped, and when he was searched, seven gem stones thought to be diamonds were found. Also found were a pair of "Groucho Marx" glasses with a nose and bushy eyebrows, a .357 Magnum pistol, a .45 caliber pistol, a ski mask, and a pair of brown gloves.

The appellant claims that as there were no charges pending against him at the time of the shoot-out, and since the flight and shoot-out were the results of a specific crime other than that for which he was charged, that it was reversible error to admit the police officers' testimony regarding the facts surrounding his arrest.

The State's response is that the evidence was admissible to show flight, from which an inference of guilt may be drawn. The State also contends that if the trial court erred in admitting the testimony, that such error was harmless for the reason that the two witnesses to the jewelry store robbery were positive in their identification of the appellant.

The test governing the admissibility of evidence concerning flight is that such evidence must be so connected with the offense on trial as to render it relevant as a circumstance bearing upon the defendant's guilt. *Hicks v. State,* 82 Tex.Crim. 254, 199 S.W. 487 (1917) Stated differently, evidence of flight is admissible, where it is some evidence of guilt, and amounts in effect to a quasi admission of guilt of the offense charged. *Damron v. State,* 58 Tex. Crim. 255, 125 S.W. 396 (1910); *Fentis v. State,* 582 S.W.2d 779 (Tex.Cr.App.1976). Unless the testimony of the officers concerning the extraneous offenses in Midland

constituted some evidence of the appellant's guilt of the jewelry store robbery in Houston, it should not have been admitted.

■ The officers' testimony revealed that the chase commenced because the police had a report of a stolen vehicle. The officers were unaware of the jewelry store robbery and the appellant had not been identified as one of the robbers at the time of the chase. The record does not contain any specific evidence that the appellant's flight from the police was due to his guilt of an aggravated robbery in Houston. To the contrary, the evidence appears to show that the appellant was fleeing because he was in a stolen vehicle.

■ The State contends that the appellant waived his objection to this testimony. We cannot agree with this contention because the appellant filed a motion in limine, prior to the officers' testimony, apprising the court of the nature of their testimony and objecting to the admission of such testimony on the basis of relevance. In addition, the appellant's counsel objected to the officers' testimony at the time the testimony was being elicited. The court overruled the objections, but granted the appellant a continuing objection to the testimony of each officer. The State also contends that appellant's objections were not specific enough to be valid. Considering the fact that the appellant filed a motion in limine prior to the officers' testimony, we are of the opinion that the objections were sufficiently specific to apprise the court and opposing counsel of the nature of his objections. We hold that the appellant did not waive his objection to the officers' testimony, and that the admission of the evidence of the extraneous offenses, committed by the appellant in Midland, was not evidence of flight from the robbery committed three months earlier in Houston.

The State further contends that if the admission of the evidence of extraneous offenses was error, it was harmless error. It urges that the testimony of the two witnesses to the Houston robbery was clear and unequivocal that the appellant was one of the robbers. This infers that the offi-cers' testimony was not needed and that the appellant would have been found guilty without such testimony.

■ The record reveals that prior to evidence being presented about the Houston robbery the State presented the testimony of the two Midland police officers concerning the events that transpired in Midland. This testimony informed the jury that the appellant was in a stolen vehicle, fleeing at one hundred twenty-five miles per hour and shooting at the police. In addition, the testimony concerning possession of guns, diamonds, and a "Groucho Marx" face mask was introduced. These facts indicate that the State desired to portray the appellant as a felon prior to presenting its evidence on the case for which the appellant was being tried. That the State succeeded in its purpose can hardly be doubted, and we are of the opinion that the minds of the jurors were likely prejudiced by the admission of this testimony. See, *Fentis v. State*, 528 S.W.2d 590 (Tex.Cr.App.1975). We hold that the admission of the testimony of the two Midland officers concerning the extraneous offenses committed by the appellant was of such nature and magnitude that the harm to the appellant is manifest.

■ The appellant has filed a pro se brief in which he claims fundamental error in the court charge, contending that it is necessary not only to give the definition of "effective consent," but that it is necessary to instruct the jury on what negates effective consent. We find no merit in this contention. The elements of aggravated robbery are set out in Section 29.03(a)(2) of the Penal Code. We have reviewed the court's charge and find that it contains the necessary elements of aggravated robbery. See *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr.App.1980).

For the reasons discussed, the judgment of the trial court is reversed and the cause remanded.