■ The People of the State of New York, Respondent, v Spencer T. Snyder, Appellant.—Yesawich, Jr., J.

On January 26, 1984, in the late morning, defendant met with Joseph Mariani for the purpose of implementing defendant's suggestion that they rob a City of Schenectady residence he had selected. Unbeknownst to them, the pair was under the surveillance of a police task force established to investigate a rash of burglaries in the Schenectady area.

Testimony elicited by the prosecution at trial placed the pair on the porch of the house, peering through the windows and ringing the bell to discern whether it was unoccupied, and then walking toward the rear of the house, which was subsequently discovered to be the point of forced entry.

Mariani, testifying pursuant to a plea-bargain agreement, stated both he and defendant had kicked the back door in an effort to gain entrance. Fearful the noise would alert neighbors, Mariani advised defendant he was leaving but would wait for him down the street. While his back was turned to defendant, Mariani heard a loud crash, sounding like that of the door being broken, after which he observed defendant approaching the broken door. At no time, however, did he see defendant either knock the door down or enter the house. In fact, no witness testified to this effect.

Shortly thereafter, a task force member checked the house, discovered it had been forcibly entered and ransacked, and he alerted the other officers to the burglary. One of them, seeing defendant in the vicinity of the crime, advanced toward him in an unmarked police car, and without announcing what crime defendant was suspected of perpetrating, exited with shield and service revolver drawn and ordered defendant to

stop. The latter responded by running in the direction of the burglary, only to be chased, apprehended and arrested; it was his testimony that he ran believing the police wanted him because he neglected to appear in court on a misdemeanor charge for which an arrest warrant was then outstanding.

Defendant's contentions, that the admission of flight evidence was improper and County Court's circumstantial evidence charge was deficient, merit comment. The balance of his arguments, that he was denied effective assistance of counsel and that the prosecution made inflammatory remarks during its opening statement, either have no real basis in the record or are so obviously insubstantial that they need not be spoken to. We affirm.

Evidence of flight is indicative of a consciousness of guilt *(People v Anderson,* 99 AD2d 560). Notwithstanding the fact that the probative force of this evidence may be limited, that is not a ground for its exclusion *(supra,* at p 560). How to treat the problem of flight when the pursued's attempt to do so is ostensibly prompted by some other offense was addressed in *People v Yazum* (13 NY2d 302), where the result defendant seeks to achieve was considered and found unconvincing, with the observation that the admissibility of flight evidence does not depend "on its unequivocal connection with guilt feelings over the particular crime charged" *(supra,* at p 305). Defendant merely offered the jury a dual reason for his fleeing, which it was free to accept or reject as it saw fit. Its resolution of this issue against defendant is fully supported by the record.

Examination of defendant's collateral, and at best problematical, argument that County Court's instructions to the jury on the flight issue was defective is foreclosed by defendant's failure to request a more detailed charge or to register an exception to the instructions as given *(see,* CPL 470.05 [2]). And since defendant's guilt is overwhelmingly established, we are not disposed to review this alleged error in the interest of justice.

Although defendant objected to County Court charging on circumstantial evidence in any fashion, he now claims it was error for it to have delivered a short-form charge, to which defendant did not except, wherein the court merely explained the difference between direct and circumstantial evidence. Defendant's rather disingenuous assertion is that a full circumstantial evidence charge outlining the standard of proof required when a case is decided on circumstantial evidence should have been recited. Having failed to ask for either a total circumstantial charge or to object to the charge as given,

defendant has also waived appellate review of this issue *(see, People v Whalen,* 59 NY2d 273, 279-280). Moreover, instruction on circumstantial evidence is required only when the prosecution's case rests exclusively on such evidence *(People v Ruiz,* 52 NY2d 929). Insofar as the attempted burglary offense is concerned, direct evidence was indeed presented; accordingly, as to this conviction, a circumstantial evidence charge was unnecessary.

And though there was no direct evidence that defendant *actually damaged* property of another *(see,* Penal Law § 145.05) and hence, on the criminal mischief count, a full circumstantial charge was appropriate, since the evidence of defendant's guilt is overwhelming, we decline defendant's invitation to reverse on this ground.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.