■ In the Matter of JOSEPH H., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated June 26, 1986, which, upon a fact-finding order of the same court, dated June 17, 1986, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of

robbery in the second degree, grand larceny in the third degree, and attempted grand larceny in the third degree, placed him on probation for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A review of the record demonstrates that the appellant participated with his two companions in the robbery of the complainant. Two undercover officers on motor patrol observed the incident. The three perpetrators approached the complainant from the rear. One grabbed her pocketbook and began to pull it. The appellant was observed by one police officer tugging at the complainant. A second officer observed that the appellant had his hands on the victim's face. The third perpetrator held a gun to the complainant's cheek. The complainant screamed and held onto her pocketbook but a gold earring was torn from her earlobe. Upon hearing the siren and seeing the automobile occupied by the officers, the three perpetrators fled. After a chase, during which time the officers never lost sight of those whom they were pursuing, 2 of the 3 were apprehended, 1 of whom was the appellant.

The foregoing evidence establishes appellant's guilt beyond a reasonable doubt.

Contrary to appellant's argument, his hasty departure from the scene on hearing the police siren is indicative of a consciousness of guilt. Although the probative force of this proof may be limited, that is not a ground for its exclusion (see, People v Snyder, 124 AD2d 394). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.