■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUSEIN YAGHNAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 7, 1986, convicting him of manslaughter in the

first degree, attempted murder in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges at bar stem from the defendant's shooting of his brother and nephew at Kennedy Airport on October 31, 1981, resulting in the death of his brother and serious injury to his nephew. The defendant was immediately apprehended at the scene. Approximately 18 months after the shootings, while he was free on $25,000 cash bail, the defendant absconded, first to Israel and then to Panama where he was rearrested in July 1985. He was thereupon returned to New York.

On appeal, the defendant maintains that reversal of his conviction is mandated by the undue emphasis the prosecutor placed upon the proof of his flight. This strategy, he claims, severely prejudiced his case. The defendant further charges that the prejudice he suffered was compounded by the court's failure to instruct the jury on the slight probative value to be accorded evidence of flight. At the outset, we observe that the defense counsel registered no objection to the remarks of the prosecutor concerning the defendant's flight. Moreover, the defendant's belated motion for a mistrial made after the conclusion of summations was based on a ground unrelated to the evidence of flight. Hence, this issue has not been preserved for appellate review (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). Nor are we inclined to reverse in the interest of justice. It is well settled that evidence of flight is admissible as circumstantial evidence of consciousness of guilt *(see, People v Yazum,* 13 NY2d 302, *rearg denied* 15 NY2d 679; *People v Limage,* 57 AD2d 906, *affd* 45 NY2d 845). Once such evidence is admitted, the defendant is entitled to explain his reason for fleeing *(see, People v Yazum, supra; People v Gonzales,* 92 AD2d 873, 874, *rearg granted, mod on other grounds* 96 AD2d 847, *affd* 61 NY2d 633). The defendant at bar was permitted to proffer an explanation for his flight. A question for the jury was then presented *(see, People v Snyder,* 124 AD2d 394) which it resolved against the defendant. Its resolution of the issue is fully supported by the record which contains overwhelming evidence of the defendant's guilt. Furthermore, having failed to request either a charge on the limited probative value of evidence of flight or to object to the court's charge as given, the defendant has also waived appellate review of his claim of error in the trial court's instructions to the jury *(see, People v Montemurro,* 125 AD2d 605, *lv denied* 69 NY2d 748). In any

event, while the trial court should have issued an appropriate limiting instruction *(see, People v Yazum, supra),* we decline to reverse on this ground in the interest of justice since the evidence of the defendant's guilt was overwhelming.

The defendant also contends that numerous instances of prosecutorial misconduct occurring during summation served to deprive him of a fair trial. Having failed to register a protest to most of the prosecutor's remarks with which he now takes issue, the defendant has failed to preserve his contentions for our review (CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Gonzalez,* 102 AD2d 895). To the extent that the prosecutor's remarks may be said to constitute overzealous advocacy, we do not believe they operated to deprive the defendant of a fair trial, and, in view of the overwhelming evidence of guilt, any errors in this regard must be considered harmless *(see, People v Galloway,* 54 NY2d 396).

Finally, in view of the serious nature of the crimes of which the defendant stands convicted, the sentence imposed by the court was not unduly harsh or excessive. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.