■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR CAYETANO, Appellant. [600 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Herold, J.), rendered October 11, 1991, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and violations of Vehicle and Traffic Law § 509 (1) and § 1180 (a), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in precluding evidence of a traffic ticket issued to the complainant's son almost three weeks after the defendant's arrest in this case. The defendant contends that, in light of his defense that the complainant's son drove the complainant's car on prior

occasions and, in fact, rented the complainant's car to the defendant just prior to his arrest, the ticket was relevant. This argument is without merit because the traffic ticket did not render the existence of any alleged prior rental more likely or probable than it would have been without the ticket and was not probative of any fact in issue *(see,* Richardson, Evidence § 4 [Prince 10th ed]; *People v Yazum,* 13 NY2d 302, 304). Additionally, the ticket could not have been properly introduced on cross-examination *(see, People v Pavao,* 59 NY2d 282, 288-289).

The defendant also contends that the court erred in restricting his cross-examination of the complainant when it would not allow defense counsel to elicit a description of the complainant's son. We find that the defendant was not deprived of his right to effective cross-examination *(see, People v Ashner,* 190 AD2d 238).

The defendant's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.