■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENARO MADERA, Appellant. [604 NYS2d 800] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 1, 1990, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court erred in failing to instruct the jury on the slight probative value to be accorded evidence of flight is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Ramos,* 166 AD2d 468; *People v Yaghnam,* 135 AD2d 763). In any event, while the trial court should have issued an appropriate limiting instruction *(see, People v Yazum,* 13 NY2d 302; *People v Yaghnam, supra),* we decline to reverse on this ground in the exercise of our interest of justice jurisdiction since the evidence of the defendant's guilt was overwhelming *(see, People v Yaghnam, supra; People v Montemurro,* 125 AD2d 605).

The defendant's contention that he was prejudiced by the prosecutor's summation is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). In any event, we find that the prosecutor's summation did not deprive the defendant of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MARRERO, Appellant. [604 NYS2d 800] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered June 30, 1992, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have considered the defendant's claims, and find them to be lacking in merit. Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.