TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00564-CR







Roy Anthony Jones, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 291ST JUDICIAL DISTRICT


NO. F94-00145-WU, HONORABLE RICHARD D. MAYS, JUDGE PRESIDING








 After the jury found appellant guilty of the offense of murder under section 19.02
of the Texas Penal Code, the trial court assessed punishment, enhanced by two prior felony
convictions, at confinement for sixty years. See Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 19.02, 1973 Tex. Gen. Laws 883, 913, amended by Act of May 28, 1973, 63d Leg., R.S., ch.
426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1123 (Tex. Penal Code Ann. § 19.02, since
amended). In a single point of error, appellant asserts that the evidence is legally insufficient to
support his conviction. We will overrule appellant's point of error and affirm the judgment of the
trial court.

 On November 1, 1992, Eric "Big Ed" Foreman, a drug dealer and the victim in
this case, died as the result of gunshot wounds inflicted at the Dallas Inn, a site known for
prostitution and drug dealing. Medical examiner Dr. Juan-Luis Zamora testified that the victim
had four gunshot wounds, the most serious having entered the "middle of the back area" and
exited on the "right side of the chest . . . from back to front and slightly upward." Dr. Zamora
opined that this wound probably killed the victim. However, three gunshot wounds to the victim's
legs could have had a contributing effect. Absent any powder wound on the victim's body, Dr.
Zamora stated that the distance of the firearm from the victim's body could have been four feet
or fifty feet. All wounds went from "back to front and slightly upward."

 Renee Johnson, an admitted prostitute and drug dealer, rented rooms for the
purpose of prostitution at the Dallas Inn. Johnson had been selling drugs for the victim for
approximately three months prior to his death. Johnson testified that she heard appellant arguing
with the victim the day before the shooting over money that appellant claimed the victim owed
him for selling drugs. Johnson believed appellant was angry from the "tone of his voice." The
next day Johnson saw the victim, a prostitute named Michell and a "little dude named John Lee"
coming down the walkway toward her room. Appellant was "about twenty feet, maybe thirty
feet" behind them. Johnson related that she saw appellant fall down on a knee, hold a gun up and
shoot at the victim. After getting hit in the back, the victim turned and Johnson observed blood
on the front of the victim. Johnson closed her door and heard three more shots that were close
to her door. After about five minutes, Johnson looked out and saw Michell on her knees holding
the victim. As Johnson ran down the stairs to call police, she saw Michell taking money from the
victim's pocket. Johnson stayed away from the Dallas Inn for a few days because she did not
want to get involved with the police. Appellant left Dallas the next day and went to live with an
aunt in Troup where he was arrested eight months later.

 Willie Williams testified that he was in his room at the Dallas Inn at the time in
question. After hearing gunshots, Williams looked out and saw two men running from where the
victim was on the floor. Neither of the men Williams saw was appellant. Appellant testified that
he had never had an argument with the victim, that they were like brothers, and that he did not
shoot the victim. Williams had been convicted for drug possession and appellant admitted having
convictions for robbery, felony possession of drugs and misdemeanor theft.

 Appellant urges that his testimony is more credible than Johnson's testimony
because her criminal record was more extensive, she used numerous aliases, and she had been
convicted of crimes of moral turpitude. Moreover, appellant asserts that Johnson was not a
credible witness because of her admitted use of drugs at the time in question. Also, Johnson was
in a position to gain favor by testifying for the State since she was in jail for parole violation when
she identified appellant as the victim's assailant.

 In reviewing the legal sufficiency of the evidence, we must determine whether,
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Cassillas v. State, 733 S.W.2d 158, 160 (Tex. Crim. App.
1986), appeal dismissed, 484 U.S. 918 (1978). The jury, as judges of the facts and credibility
of the witnesses, could choose to believe or not believe the witnesses or any part of their
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

 "It is not the reviewing court's duty to disregard, realign or weigh evidence . . . . 
Concrete application of the Jackson standard is made by resolving inconsistencies in the testimony
in favor of the verdict." Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In
addition to Johnson's testimony, we find circumstances that tend to support the jury's verdict. 
Appellant departed Dallas the day following the homicide. Flight is a circumstance from which
an inference of guilt may be drawn. See Keller v. State, 606 S.W.2d 931, 933 (Tex. Crim. App.
1980). The medical examiner's finding that all gunshot wounds went from back to front and
slightly upward appears to lend credence to Johnson's testimony that appellant fired at victim's
back while kneeling on one knee. Viewing the evidence in the light most favorable to the verdict,
we find that any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt.

 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice 

Before Chief Justice Carroll, Justices Davis* and Dally*

Affirmed

Filed: July 17, 1996

Do Not Publish





* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



chell on her knees holding
the victim. As Johnson ran down the stairs to call police, she saw Michell taking money from the
victim's pocket. Johnson stayed away from the Dallas Inn for a few days because she did not
want to get involved with the police. Appellant left Dallas the next day and went to live with an
aunt in Troup where he was arrested eight months later.

 Willie Williams testified that he was in his room at the Dallas Inn at the time in
question. After hearing gunshots, Williams looked out and saw two men running from where the
victim was on the floor. Neither of the men Williams saw was appellant. Appellant testified that
he had never had an argument with the victim, that they were like brothe