■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM WILLIS, Appellant. [791 NYS2d 831]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 1, 2002, convicting defendant, after a jury trial, of murder in the first degree (four counts), murder in the second degree (four counts), attempted murder in the first degree (two counts), attempted murder in the second degree, robbery in the first degree (three counts) and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of life without parole, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. In addition to reliable identification testimony, there was persuasive circumstantial evidence linking defendant to the crime, including evidence relating to his possession of a pistol scientifically established to be the murder weapon.

The court provided a detailed identification charge that sufficiently instructed the jury regarding pertinent factors to be considered in evaluating identification testimony (*see People v Whalen*, 59 NY2d 273, 278-279 [1983]). While defendant requested that the court include a series of additional relevant factors, the court's refusal to do so did not deprive him of a fair trial or warrant reversal. Defendant explored the additional factors in summation, and there was nothing in the court's charge to suggest that the jury should disregard or minimize the additional factors.

The court properly admitted various evidence that could have been reasonably interpreted by the jury as reflecting defendant's consciousness of guilt (*see People v Yazum*, 13 NY2d 302 [1963]). The court provided thorough limiting instructions, and none of this evidence undermined the presumption of innocence or deprived defendant of a fair trial.

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.