■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERONIMO VELEZ, Appellant. [985 NYS2d 241]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 22, 2010, convicting defendant, after a jury trial, of manslaughter in the first degree, gang assault in the first degree and robbery in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 14 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. There is no basis for disturbing the jury's determinations concerning credibility. Aside from the testimony of a cooperating accomplice, there was strong circumstantial evidence establishing defendant's participation in the attack on the victim, including, among other things, the presence of the victim's blood on defendant's jacket. Furthermore, there was ample evidence to support the conclusion that defendant acted with the requisite intent for each of the crimes.

The court's *Sandoval* ruling, permitting the People to inquire as to a portion of defendant's criminal record, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). The court properly permitted the People to elicit two prior convictions and some of their underlying facts, since both involved purposeful behavior showing defendant's willingness to put his own interests above those of society, and neither was unduly prejudicial. Furthermore, the court correctly determined that defendant's direct testimony opened the door to a limited modification of the *Sandoval* ruling to permit elicitation of additional facts (*see generally People v Fardan*, 82 NY2d 638, 646 [1993]). We have considered and rejected defendant's remaining arguments concerning *Sandoval*-related issues. In any event, any errors regarding the *Sandoval* ruling or the cross-examination of defendant were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The court properly admitted into evidence a letter sent by defendant to the accomplice witness, since the jury could have reasonably interpreted it as evincing defendant's consciousness of guilt, and any ambiguity was for the jury to consider (*see People v Yazum*, 13 NY2d 302, 304 [1963]). The court properly determined, after a hearing, that there was no basis for defendant's assertions that the prosecutor made the witness a government agent and arranged to have defendant meet the witness to solicit the letter (*see People v Cardona*, 41 NY2d 333 [1977]). Defendant's claim that the court should have charged the jury on evidence of consciousness of guilt is unpreserved, and we decline to review it in the interest of justice. Finally, we find that any error regarding the letter was likewise harmless.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.