People v Johnson (2019 NY Slip Op 06444)





People v Johnson


2019 NY Slip Op 06444


Decided on September 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 3, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


9487 4042/02

[*1]The People of the State of New York, Respondent,
v
Steve Johnson, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Katherine M.A. Pecore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered March 8, 2013, as amended March 12, 2013, convicting defendant, after a jury trial, of attempted murder in the second degree as a hate crime, attempted murder in the second degree, assault in the first degree as a hate crime, three counts of assault in the first degree, 15 counts each of kidnapping in the second degree as a hate crime and kidnapping in the second degree, five counts of assault in the second degree as a hate crime, and three counts each of criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 240 years, unanimously affirmed.
The evidentiary rulings challenged on appeal were provident exercises of discretion that did not deprive defendant of a fair trial. We reject defendant's constitutional claims regarding these rulings and related issues (see generally Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).
First, the court properly permitted cross-examination of a defense expert witness about defendant's ability to cooperate with his attorneys. This was directly relevant to refute a claim about defendant's alleged delusions that was at the core of his insanity defense. Defendant has not demonstrated that the only way he could rebut this cross-examination was by completely waiving the attorney-client privilege, or that there were any privileged matters that would actually tend to have such rebuttal effect. In any event, the cross-examination was plainly admissible under the circumstances of the case, and the alleged disadvantage it placed defendant under with regard to explaining or rebutting it did not entitle him to "disable the People from relying on that part of the truth" (People v Yazum, 13 NY2d 302, 305 [1963]).
Next, we find that the People's expert was properly permitted to testify that persons asserting insanity defenses may exaggerate their mental illnesses in order to avoid prison. The court's jury instructions, including its charge under CPL 300.10(3), were sufficient to prevent either the expert testimony at issue, or a summation remark by the prosecutor that defendant challenges in connection with this issue, from misleading the jury about the consequences of an insanity acquittal.
Finally, we find that the court imposed reasonable limits on the cross-examination of the expert psychologists about details of unrelated cases (see generally People v Corby, 6 NY3d 231, 233-234 [2005]). The limited questioning of the experts about other cases was not enough to open the door to extensive cross-examination about the details, which would have posed the danger of creating miniature trials of those cases.
Those portions of the People's summation to which defendant objected as mischaracterizing defense arguments or undermining defendant's right to go to trial were within the range of permissible comment, and in any event were not so egregious as to deprive defendant of a fair trial. Defendant's remaining challenges to the summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no [*2]basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's argument that he was entitled to additional instructions on the insanity defense going beyond the Criminal Jury Instructions is similar to an argument this Court rejected
on defendant's prior appeal in this case (74 AD3d 427, 428-429 [1st Dept 2010], revd on other grounds 17 NY3d 753 [2011]), and we adhere to our prior determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 3, 2019
CLERK