People v Taveras (2024 NY Slip Op 03016)

People v Taveras

2024 NY Slip Op 03016

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Ind. No. 1455/16 Appeal No. 2417 Case No. 2019-03627 

[*1]The People of the State of New York, Respondent,
v
Joseph Taveras, Appellant.

Jenay Nurse Guildford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered May 8, 2019, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The sole eyewitness's testimony, which was corroborated by the video evidence, supported the conclusion that defendant was the person who stabbed the victim.
Defendant did not preserve his claim that the admission of evidence that he did not open the door when the police knocked to show his consciousness of guilt violating his Fourth Amendment rights and his right to a fair trial (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we reject them on the merits. The police conduct did not violate defendant's Fourth Amendment rights, and the People did not introduce evidence obtained in violation of his constitutional rights (cf. People v Howard, 50 NY2d 583 [1980], cert denied 449 US 1023 [1980]). Defendant's alternative explanations for not opening the door did not render the evidence inadmissible. Evidence of flight or evasion from the police "as indicative of a consciousness of guilt is a classic example of the admissibility of equivocal circumstantial evidence"; that such evidence is "equivocal or that it is consistent with suppositions other than guilt does not render it inadmissible" (People v Yazum, 13 NY2d 302, 304 [1963]). Notably, "ambiguities or explanations tending to rebut an inference of guilt do not render [consciousness of guilt] evidence inadmissible but, rather, must be introduced as part of the defense and submitted to the jury" (id. at 305). Here, defendant did not present his alternative explanations to the jury. In any event, given the other evidence of consciousness of guilt and the court's thorough instructions, any error was harmless.
The court providently exercised its discretion in permitting limited testimony from the sole eyewitness that she moved from the building where defendant lived because of her fear of defendant. The prosecutor's carefully-crafted leading question eliciting this evidence did not reference or suggest that any threats were made, but was based on evidence that was already before the jury — that the witness was afraid of defendant and his family. Although codefendant's counsel opened the door to that question, the court properly allowed the question to correct a misimpression that was also conveyed to the separate jury that was considering the charges against defendant.
Defendant's claim that the admission of the victim's autopsy report and the expert testimony of a medical examiner who did not conduct or observe the autopsy violated his constitutional right of confrontation is unpreserved (see People v Brown, 224 [*2]AD3d 922, 923 [2d Dept 2024]), and we decline to review it in the interest of justice. As an alternative holding, we find that the medical examiner's testimony did not violate defendant's confrontation rights, as he formed an "independent conclusion" after reviewing the records and photographs, and based his expert opinion on his independent analysis of that primary data (see People v Ortega, 40 NY3d 463, 477 [2023]). Although admission of the autopsy report, including the conclusions of the non-testifying examiner, violated defendant's confrontation rights (see id. at 475), any error in admitting the autopsy report was harmless, as there was "no reasonable possibility" that the error contributed to the conviction (People v Crimmins, 36 NY2d 230, 237 [1975]). The cause of death was undisputed, and the only issue was the killer's identity (see People v Fuller, 210 AD3d 597, 599 [1st Dept 2022], lv denied 39 NY3d 1141 [2023]).
Defendant's challenges to the prosecutor's summation remarks are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The remarks were permissible comment on credibility issues and were responsive to defendant's summation arguments.
The sentencing court providently exercised its discretion in denying defense counsel's belated request for an adjournment. Although counsel was appointed to represent defendant post-conviction, counsel had represented defendant for a sufficient amount time to be familiar with defendant and his case, and although counsel had notice of the sentencing date, he requested an adjournment only after defendant was arraigned for sentencing.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024